MEREDITH CREWS *v.* JAMES A. CREWS.

A verdict for "four hundred dollars in old bank money, interest from the 27th of May 1863, scaled at value at time,"—is too uncertain to warrant a judgment thereupon.

(*Gibson* v. *Groner,* 63 N. C. 10, and *Mitchell* v. *Henderson, Ib.* 643, approved.)

DEBT, tried before *Watts, J.,* at Spring Term 1870 of GRANVILLE Court.

No statement is necessary.

The defendant appealed.

*Rogers & Batchelor,* for the appellant.
*Hayes, contra.*

SETTLE, J. The question for our consideration is, Did the verdict of the jury warrant the judgment which his Honor directed to be entered. The verdict is as follows, to-wit: "We find all issues in favor of the plaintiff, and assess his

damages at four hundred dollars in old bank-money, interest from the 27th day of May 1863, scaled at value at time." Thereupon the Court directed the clerk to enter the following judgment, to-wit: "That the plaintiff recover of the defendant the sum of four hundred and fifty-two dollars and seventy-four cents, the value of the bond declared on, of which three hundred and twenty-five dollars and thirty-seven cents is principal money, and the interest is one hundred and twenty-seven dollars and forty-one cents, and costs of suit."

We have examined the verdict and judgment together, with all the statements which accompany the case, but we are at a loss to discover the process of calculation by which his Honor determined the amounts of principal and interest, which he directed to be entered as a judgment. Indeed, we think the verdict so vague and uncertain in its terms as to afford no basis for a calculation: "A verdict finding matter uncertainly or ambiguously, is insufficient, and no judgment shall be given thereupon: Coke on Lit. p. 227 a.

Here the jury assessed the damages in *old bank-money*, by which we are to understand, the notes issued by old banks. But there were many banks whose notes circulated in this State, and they were of different values, some worth five, and others twenty-five cents in the dollar. Which bank shall we select as the standard to govern in this case?

We are left without chart or compass, to find our way as best we can.

Again the verdict says, "*scaled* at value at time." Scaled as what? Confederate money, or bank notes? If bank notes, we are aware of no standard by which they can be scaled; and the words "at time" are equally as unintelligible. *Gibson* v. *Groner*, 63 N. C. 10, and *Mitchell* v. *Henderson, Ib.* 643, establish the rule that the value of all contracts must be estimated in United States Treasury Notes, and judgment be rendered for such amount solvable in currency.

Here there is no objection to the judgment on its face, but it is not in pursuance of the verdict, which assessed damages in "old bank-money"; and as we have seen, was so unintelligible, that his Honor was not warranted in proceeding to judgment upon it.

Let it be certified that there was error, &c.

PER CURIAM.                                     *Venire de novo.*