This was an action for a balance due on a bale of cotton, which the plaintiff alleged had been sold by the defendant for him.
The plaintiff testified that he carried a bale of cotton to the store of the defendant, and informed his Clerk thereof, that he (witness) wanted to make some purchases, when the Clerk replied, "bring it in and get what you want." The witness did so, and bought goods to the amount of $24.40, and received a bill therefor, which was produced, and is as follows:
"Wyatt Hawkins, to H.A. House: To 1 sack salt, $5; 20 lbs. coffee at 30 cts. Credit by one bale of cotton to sell, now in store to be weighed."
The Clerk who received the cotton afterward told the witness that the cotton brought $80, and a few cents. Witness then bought salt and coffee amounting to $24.40. Witness further testified that he had never received anything more from the defendant for the cotton. It was admitted, that the Clerk referred to by the plaintiff, was the Clerk and agent of the defendant. On the second interview, witness told the Clerk to sell the cotton, afterwards he was warranted for the goods referred to, and purchased by him.
James House, who was the Clerk of the defendant referred to in the plaintiff's evidence, testified that the plaintiff brought a bale of (615) cotton to the defendant's store, and wished him to send it off for him to Todd, Pugh Co. The cotton stayed in the defendant's store. The plaintiff said he did not care whether witness sent the cotton to New York or Petersburg. The cotton was afterwards sold to or by Todd, Pugh Co. They failed, and the money was lost. Before the cotton was sent to Todd, Pugh Co., the plaintiff told the witness, "do with the cotton as your own." The witness was asked if the cotton was held as collateral security for the purchase made by the plaintiff, to which he replied, "I do not know; I should have let the plaintiff have the goods any way."
His Honor charged the jury, that the matter for them to determine is, did the plaintiff put into the defendant's hands a bale of cotton to sell on his own account, and to be by the defendant accounted for to the plaintiff; or was it delivered to be sold on joint account between the plaintiff and the defendant; i. e. the defendant was to retain his pay for the goods sold, and the plaintiff was to receive the balance? Suppose the plaintiff had called on Todd, Pugh Co. in person, and demanded the money for the cotton, would they have handed it over to him? *Page 479 
Was the defendant to get his pay from the pledge? Did the defendant receive any specific instructions? if so did he follow them? If the defendant received specific instructions, and he disobeyed or neglected them, then he is liable for any loss resulting therefrom. If the matter was left to the defendant's discretion, did he exert usual diligence, vigilance and care, such as may be expected from a prudent business man? If he did not, then he is liable. But if the defendant acted solely as an agent, having no interest in the venture, and acted fairly and honestly, then he is not liable.
The defendant's counsel requested his Honor to charge the jury, "That if they believed that the agreement was that the defendant took the cotton under an agreement to ship and sell without remuneration, and that the defendant did so, and took the same care of the cotton as he did of his own, they must find for the defendant, notwithstanding there might be an understanding that when the proceeds (616) were received, a debt due by the plaintiff to the defendant was to be deducted." His Honor declined to give the instructions, because he had already substantially charged to that effect.
The jury returned a verdict "for the plaintiff for $51.60, subject to an off-set of $26.80, if said off-set had not already been paid; but if it had been paid, then for $51.60 without off-set."
The verdict was entered and the jury discharged, and immediately thereafter the defendant, standing in the bar said, the "off-set had been paid."
The defendant's counsel moved to set aside the verdict, as it was not responsive to the issues, and was too vague. Motion refused, and judgment entered for the plaintiff for $51.60.
Appeal.
The Judge ought to have set aside the verdict. Houston v. Potts,65 N.C. 41. Co. Litt. 227a. Crews v. Crews,64 N.C. 537.
I. A Judge is not obliged to charge in the very words asked, even when the instructions asked for are right. It is sufficient if he do so in substance. And especially is this so, if he assign that as the reason for refusing.
II. The verdict of the jury is informal, and we have to look for the substance. We regard it as a verdict for $51.60, rejecting what follows as surplusage. The jury found that the defendant owed the plaintiff *Page 480 
$51.60, "subject to a set-off of $26.80, if said set-off had not been paid; if it had been paid, then $51.60, without set-off." It in no way appears from the verdict, whether it had been paid or not; and therefore it is the same as if the verdict said nothing about it; utile per inutile
(617) non vitiatur.
It appears that no injustice will be worked in this case by reason of the informality, because it appears that the defendant admitted in open Court, after the verdict was rendered, that the set-off had been paid to him. And therefore in justice, it ought not to be deducted from the verdict.
There is no error.
Per curiam.
Judgment affirmed.
Cited: McCaskill v. Currie, 113 N.C. 317; Stern v. Benbow, 151 N.C. 464.