WILLIAM M. TANKARD v. SALLIE A. TANKARD and others.

*Practice—Issues—Inconsistent Findings—New Trial.*

1. Where the issues submitted to the jury on the trial in the Court below were confused, it was not error to set aside the verdict and order a new trial.

2. Where in an action to recover land, the replication of the plaintiff admitted the open and notorious possession of defendants' ancestor when plaintiff purchased, and on the trial the jury found that defendants' ancestor had certain equitable rights against plaintiff's vendor, and also found that the plaintiff was a *bona fide* purchaser for value without notice; *It was held*, that the possession of defendants' ancestor was actual notice to plaintiff of his equities in the land, and that the facts admitted and the findings of the jury were inconsistent and contradictory, and a new trial was properly ordered.

(*Edwards* v. *Thompson,* 71 N. C. 177, cited and approved.)

CIVIL ACTION to recover Land, tried at Spring Term, 1878, of BEAUFORT Superior Court, before *Henry, J.*

The facts stated in the opinion are deemed sufficient to present the points decided by this Court. The plaintiff moved for judgment, but His Honor held that the issues were confused and that he could not render judgment thereon, and ordered them to be reformed and granted a new trial, from which ruling the plaintiff appealed.

*Messrs. J. E. Shepherd* and *G. H. Brown, Jr.,* for plaintiff.
*Mr. D. M. Carter,* for defendants.

FAIRCLOTH, J. His Honor ordered a new trial on the
ground that the issues were confused, and he could render
no judgment. From this order the plaintiff appealed, and
says he is entitled to a judgment according to the verdict
on the second and third issues, notwithstanding the verdict
on the other issues and the facts admitted in the pleadings.
Some of the issues submitted were badly constructed, and,
with a single response, are without meaning. For exam-
ple—"Did said O. H. P. Tankard purchase said land for
benefit of said Ransom Tankard and his family, under an
agreement with Ransom to that effect, and did said Ran-
som remain in possession under that agreement as long as
he lived, or was the possession of said Ransom and his fam-
ily permitted by said Oliver, as a gratuity on the part of
said Oliver?" Answer—"Yes."

But this is not the principal difficulty in the way of the
plaintiff. It appears from the findings on the issues that
the vendor of the plaintiff in 1849 attended the sale of his
brother's land, and by his representations suppressed bid-
ding, and by express agreement purchased the land in trust
for the benefit of his brother and family, and if we under-
stance the substance of the findings, this agreement and
understanding existed between the two brothers until Ran-
som's death, in 1872.

The verdict on the second and third issues, on which
plaintiff demands judgment, is, that the plaintiff's vendor
has not been paid the purchase money and charges on the
land, and that the plaintiff is a *bona fide* purchaser for
value, and without notice of defendants' equities. The
plaintiff purchased in 1869. It is admitted by plaintiff in
his replication that said Ransom was in possession of the
land, cultivating and otherwise using it from 1849 until

his death in 1872, and that since his death the defendants have used it in the same way, and this is substantially the finding of the jury on other issues. Here, then, was notice to the plaintiff at the time he purchased, of an actual possession by a third person, which gave him notice of all the equities of such third person. In *Edwards* v. *Thompson,* 71 N. C. 177, it was held by this Court that the possession of a tenant was notice of the landlord's equities to the purchaser, although he lived in another State and did not *in fact* have knowledge of the tenant's possession. Open, notorious, and exclusive possession puts a purchaser upon inquiry, and is notice of every fact which he could have learned by inquiry. The plaintiff therefore was a purchaser with notice of the defendants' ancestors' equitable rights to redeem the land, if in fact he had not made the payments, and still on the third issue the finding is that the plaintiff purchased without notice. We agree with His Honor not only that the issues were confused, but that the findings and facts admitted were inconsistent and contradictory, and that a new trial was properly ordered.

No error.

PER CURIAM.                                Judgment affirmed.