D. A. McMAHAN v. W. O. MILLER, Adm'r of A. T. Miller.

*Contract, rights of party to— Verdict— Variance.*

1. Where there are mutual dependent stipulations in a contract constituting mutual considerations and the plaintiff in an action for a breach is himself in default, he cannot recover; but if defendant's conduct is such as to prevent performance on the part of plaintiff, the plaintiff may

then abandon the contract and recover on the common counts in assumpsit.

2. The plaintiff sued on a written contract and defendant alleged terms not contained therein but existing in parol, and the jury found that the omitted terms alleged were not of them, and that plaintiff complied with the terms of the writing and those drawn into issue on the pleadings; *Held*, the verdict was not inconsistent and the plaintiff is entitled to recover.

3 In this case the complaint alleged terms in the writing, and there was proof and the fact found of other terms as to which there was no averment in the answer, no issue to the jury, and no objection on the part of defendant; *Held*, as the adverse party was not misled, the variance is immaterial.

(*Dula* v. *Cowles*, 7 Jones 290 ; *Winstead* v. *Reid*, Busb. 76 ; *Jones* v. *Mial*, ante 252, cited and approved )

CIVIL ACTION for Damages for breach of contract tried at Fall Term, 1879, of TRANSYLVANIA Superior Court before *Graves, J.*

Verdict and judgment for plaintiff, appeal by defendant.

The plaintiff was not represented in this court.
*Mr. James H. Merrimon,* for defendant.

DILLARD, J.   The plaintiff became lessee to defendant's intestate of a tract of land for the year 1877 under a written lease, executed to him by the lessor which is referred to in the complaint and offered to be produced, or a copy thereof, whenever required.

The facts constituting the plaintiff's cause of action are that he entered on the premises and did work of considerable value in and about preparations for a crop, and that defendant was to have furnished him a horse or mule and all necessary tools to make a crop, and also to furnish and haul upon the land, lime to manure the land at the rate of twenty bushels per acre, and that defendant drove him off the land whereby he was damaged as to the work already done and

in respect of his disappointment in making a crop for the year.

The defence set up by defendant is, that he executed a written lease signed by himself only, and that there were terms of the lease for performance on the part of the plaintiff not mentioned therein, and while not denying that the lime was to be hauled on the land by him as alleged, he averred that it was agreed that plaintiff was to burn the lime at the kiln, and he failing to do so, the defendant therefore could not perform the contract of hauling on his part; and as to the plow-horse to be furnished, defendant (not denying that the horse was to be furnished) alleged that it was stipulated that plaintiff was himself to work the horse, and not another, and he denies that he drove the plaintiff from the premises and prevented him from making a crop.

It is thus seen that the controverted facts material to the decision of the action were as to the duties of burning the lime by plaintiff so as to have it ready to be hauled by defendant, and as to the use of the horse by plaintiff in person, (and not by another) which are alleged by defendant to be terms of the contract on the part of the plaintiff not contained in the written lease, and denied by plaintiff.

If these were duties resting on plaintiff, they were a material part of the contract, and if he failed and refused performance in these respects and then left the premises, he could not, being in default himself, recover for any work he had done, or for any alleged breach on the part of defendant. This rule is founded on honesty. A party to a contract cannot wilfully be in default himself in the performance of matters material on his part, and then abandon the contract and turn round and have action to recover for what he may have done or for a breach of the other, caused by his own conduct. To allow this to be done, is to allow one to do wrong himself in the first instance, and

then to take advantage of it by a recovery for a breach by the other party, induced and brought about by his own act.

If, however, these duties were not owed by plaintiff, but defendant was himself to burn and haul the lime on the fields, and also to furnish a horse to cultivate the farm without any restriction to be used by the plaintiff alone, and the defendant, on pretence of these terms, refused to furnish the lime and the horse, they were necessary parts of the contract, and his default in these respects authorized the plaintiff in law, if not driven out, to hold the contract as abandoned by defendant, and to sue to recover damages for what he had done, and his losses occasioned by the default of the defendant. *Dula* v. *Cowles*, 7 Jones, 290 ; *Winstead* v. *Reid*, Busb. 76, and notes to *Cutter* v. *Powell*, 2 Smith's Leading Cases, 13.

With a view to ascertain how these controverted facts were, His Honor submitted issues to the jury and in response thereto they found :

1. That there was a written lease.

2. That the lease did not contain all the terms of the contract.

3. That it was not a part of the contract that plaintiff was to burn the lime.

4. That it was not a part of the contract that the plaintiff was to plough the horse himself.

5. That plaintiff complied with the undertaking on his part.

6. That defendant's intestate failed and refused to comply with his agreement.

7. That plaintiff sustained damages to the sum of fifty dollars.

Upon the return of the verdict the defendant moved for a new trial and afterwards in arrest of judgment, on the grounds that the verdict of the jury was inconsistent and contradictory ; that the complaint did not set out the con-

tract but only a part of it, and for a variance between the contract alleged and the one proved ; and on the further ground that the complaint did not state facts sufficient to constitute a cause of action, in that it stated no consideration for the lease, and no averments of a readiness and willingness to perform the contract on plaintiff's part. In the refusal to grant a new trial and to arrest the judgment, the error of the court is alleged to consist.

We are unable to see that the verdict of the jury was liable to the objection of inconsistency. The complaint was on the written lease referred to and offered to be produced, and that contained stipulations on both sides. And the answer of defendant alleged and particularized two terms of the contract existing in parol. The jury found there were terms of the contract not contained in the writing, but that the omissions alleged by defendant were not of them, and they found that plaintiff had complied with the agreement on his part. The fact found of compliance by plaintiff with the agreement is not to be understood as a finding with regard to the alleged terms omitted from the lease (as to which there was no allegation or proof), but with reference merely to the terms as set forth in the writing and those drawn into issue by the answer of defendant. Thus understood there is no inconsistency in the verdict.

As to the variance between the allegations of the complaint and the proof: It is true the complaint alleges the terms contained in the written lease only, and there was proof and the fact found that there were other terms, but as to the omissions the defendant made no averments in his answer and asked no issue to the jury, nor was any objection made on that account at the trial. The code (section 128) provides that no variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party in maintaining his action or defence on the merits. Here, although

there were terms not set out in the complaint, the defendant set up but two, and made no point as to any others either in his answer or at the trial by way of objection to the evidence, or by request of instructions from the court on account of the evidence, and it not appearing that defendant did or could have suffered a prejudice, it was not error to refuse a new trial or to arrest the judgment for that cause.

As to the objection that the complaint alleges no consideration for defendant's agreement: We think the entry of plaintiff on the premises and the work done towards making the crop and the rent agreed to be paid, are sufficiently stated to make the contract obligatory on defendant. And as to the point that no averment is made of a readiness and offer by plaintiff to perform his contract: We think the refusal of defendant to furnish the lime and horse and the driving of plaintiff off, were so inconsistent with the duty and right of defendant under the contract, and so hindered performance by plaintiff, as in law to amount to an abandonment of the contract by defendant, and to authorize the plaintiff to yield to the necessity thus forced upon him, and to sue for damages without any further offer to go on with the contract. *Dula* v. *Cowles, supra ; Jones* v. *Mial, ante* 252.

There is no error, and the judgment of the court below is affirmed. Let this be certified.

No error.                                           Affirmed.