FIRST NATIONAL BANK OF CHARLOTTE v. R. B. ALEX-ANDER.

*Findings of Jury—New Trial—Presentation of Check.*

1. Where the findings of the jury are irreconcilable it is not error to set aside the verdict and grant a new trial.

2 The holder of a check upon a bank located in the town of his residence may present it for payment on the day after the same is drawn, and his omission to present it sooner is no defence to the drawee bank, unless he had information of its precarious condition.

CIVIL ACTION tried at Spring Term, 1880, of MECKLEN-BURG Superior Court, before *McKoy, J.*

O. F. Noel, a creditor of the defendant, as a means of payment, drew his check on the latter for the amount of his debt in favor of the plaintiff bank. It was presented to the defendant who after one o'clock on the 6th day of August, 1875, took it up and gave his own check for the same amount on the bank of Mecklenburg (whose banking house was about 200 feet distant from that of the plaintiff) payable to said Noel or bearer, and delivered it to the plaintiff. No demand was made on the bank of Mecklenburg during that day, and it suspended and closed its doors at the opening of banking hours the next morning and became and has since been insolvent. The defendant says in his answer, and, as the allegation seems not to have been controverted

on the trial, we assume it to be true, that he had moneys on deposit in bank on which his check was drawn sufficient to meet it, and he insists that the fund has been lost by reason of the plaintiff's neglect to make demand of payment in time.

Two issues were submitted to the jury who find that,

1. There was no negligence on the part of the plaintiff in failing to present the check on the day it was received; and

2. The bank of Mecklenburg was then insolvent, and while the fact was not known to the officers of the plaintiff bank, they had sufficient reason to suspect it.

The court charged the jury (and there was no exception taken to its correctness) that twenty-four hours were allowed by law for the presentation of the check, unless the plaintiff's officers had notice of the failing condition of the drawee, and if they had such notice it was their duty to present the check at the first opportunity. There was a verdict for plaintiff, and the court holding the findings of the jury upon the issues to be irreconcilable set aside the verdict and granted a new trial, and the plaintiff appealed.

*Messrs. Bynum & Grier*, for plaintiff.
*Messrs. Shipp & Bailey* and *Dowd & Walker*, for defendant.

SMITH, C. J., after stating the case. The law is well settled that the holder of such check, unless his diligence is quickened by information of the precarious condition of the drawee, and he then unreasonably delays to make demand of payment, may present it during business hours on the next day. "Banks would be kept in a continual fever," remarks a recent author on this subject, "if they were compelled to send out a check the moment it was received." 2 *Danl. Neg. Inst.*, § 1590. If the bank be in the same place in which the check is drawn, and suspends payment after

the opening of business hours on the following day, so that the money cannot then be collected, the omission to present it earlier when it might perhaps have been paid is no defence to the drawee.  *Ib.*, §1591.

The verdict, inconsistent with itself on the first issue under the explanation of the court, repels the imputation of negligence in the plaintiff, and while responding to the second issue and acquitting its officers of personal knowledge, it charges them with having good reason (or as we understand it sufficient information) to awaken their suspicion of impending insolvency.

Upon these conflicting findings we think the course pursued by His Honor right and proper in setting aside the verdict and remitting the matter to another jury.

In doing this there is no error, and this will be certified.

No error.                                    Affirmed.