A. D. PUFFER & SON v. A. F. LUCAS.

*Verdict, Conflicting, Inconsistent, Unintelligible—Judgment— The Code.*

1. Where a verdict is unintelligible, conflicting and inconsistent, it should be set aside and no judgment pronounced.
2. Section 412 of *The Code* does not embrace all the grounds upon which a verdict should be set aside and new trial granted.

This is a CIVIL ACTION to recover the possession of a certain soda and mineral apparatus, known as the "Eifer machine," tried before *Bynum, J.*, at September Term, 1889, of NEW HANOVER Superior Court.

The plaintiffs alleged title to the machine under a contract set out at length with the complaint, and asked judg-

ment for the possession thereof, or for $330, its value, in case its delivery cannot be had, and for $250 damages. The defendants, answering, admitted the possession of the property and agreement under which the plaintiffs claim it, but they say, in bar of the plaintiffs' right to recover, and set up as a counter-claim, that the plaintiffs entered into a new contract with them, set out at length with the answer, by which they agreed to ship a new apparatus to them, and take back the old machine, which they now seek to recover, in part payment for the new, and, in the meantime, permit the defendants to retain possession of the old apparatus. They allege a breach of this contract, and ask judgment that the plaintiffs' demand for the possession of the property be denied, and for $500 damages for breach of the contract. The following issues were submitted to the jury, each of which was answered as indicated:

"1. Is the plaintiff entitled to the recovery of the possession of the property specified in the complaint? Answer— Yes.

"2. Does the defendant unlawfully detain this property? Answer—Yes.

"3 What is the plaintiffs' damage for detention? Answer— One hundred dollars.

"4. What is the balance due, if any, on the Eifer machine? Answer—Seventy dollars

"Did plaintiffs, since the institution of this action, agree to take the Eifer machine in controversy in part payment of a new machine, and to allow the defendant Lucas to keep the old machine until the new machine arrived? Answer— Yes

"6. Did plaintiffs fail to perform their contract? Answer— Yes.

"7 What damages, if any, have defendants sustained by reason of the breach of said contract? Answer—Twenty dollars."

Upon the rendition of the verdict, the plaintiffs asked for the following judgment:

"This action having been tried before His Honor and a jury empaneled to try the issues raised by the pleadings, and the jury having found that the plaintiffs are the owners and entitled to the possession of the personal property described in the complaint; that the defendant unlawfully detained the same from the plaintiffs, and assessed the damages to plaintiffs at one hundred dollars, and the said jury having also found that the plaintiffs made the contract with defendant set up in the answer by way of counter-claim, and committed a breach of the same, and assessed the damages of defendant at twenty dollars,

"It is now, on motion of T. W. Strange and E. S. Martin, counsel for the plaintiffs,

"Adjudged, that the plaintiffs recover of the defendant the possession of said personal property, or three hundred and thirty dollars, in case delivery of said property cannot be had, and also one hundred dollars damages, together with the costs of this action, to be taxed by the Clerk.

"And it is further adjudged that the defendant recover of the plaintiffs the sum of twenty dollars, which they shall have the right to set off against the said judgment for damages in favor of the plaintiffs and against said defendant in this action."

The Court refused the plaintiffs' prayer, and rendered the following judgment:

"Upon the verdict the plaintiffs demanded judgment, which the Court declined to grant, and plaintiffs excepted. Defendant moved for a new trial on the ground of error by instructions of Court. Motion overruled. The defendant demanded judgment, which the Court declined to grant, and defendant excepted. Thereupon, the Court ordered that the verdict rendered by the jury be set aside, from which said order and the refusal to grant either of the judgments

aforesaid, both parties prayed an appeal to the Supreme Court."

*Mr. Iredell Meares,* for plaintiffs.
No counsel for defendant.

Davis, J. (in plaintiffs' appeal): The jury did not find the value of the personal property to be $320, and there is no aspect in which the verdict can be viewed that would entitle the plaintiffs to the judgment asked, or to any judgment, for it is unintelligible, inconsistent and conflicting, and was properly, and *ex necessitate,* set aside by His Honor because no proper judgment could be rendered upon it. *Morrison* v. *Watson,* 95 N. C , 479, and cases cited. Section 412 of *The Code* does not embrace all the grounds upon which a verdict may be set aside and a new trial ordered. *Thomas* v. *Myers,* 87 N. C., 31, and cases cited. We suggest that upon a new trial issues may be eliminated from the complaint and answer less calculated to confuse the jury. The appeal must be dismissed.

Davis, J. (in defendant's appeal): As we have seen, no judgment could be rendered upon the verdict in this case, and, though the defendant's case on appeal presents a number of exceptions and assignments of error, there was no judgment against him, and when the verdict was properly set aside and a new trial ordered, there was nothing from which he could appeal, and it was inadvertently taken, and will be dismissed.

Dismissed.