JOHN W. McCASKILL et al. v. JAMES L. CURRIE et al.*

*Verdict of Jury—Inconsistency of Findings—Setting Aside Verdict.*

1. Although the verdict of a jury should be set aside where it is so inconsistent in its responses to the issues or with the pleadings that the Court cannot determine what judgment should be rendered in favor of a given party, or which of the parties is entitled to judgment, yet, mere informality will not vitiate a verdict, and it should not be set aside when the two findings will support precisely the same judgment in favor of the same party, and where no injustice will result from an adjudication upon the substance or general purport of the verdict.

*MacRae, J., dissents *arguendo.*

CIVIL ACTION tried before *Connor, J*, and a jury, at August Term,.1893, of MOORE Superior Court.

Plaintiffs sought to have set aside and cancelled a deed from Alexander Robinson, their ancestor, to the defendant J. L. Currie, the material parts of the complaint being as follows:

" 1. That on or about the 1st day of May, 1886, one Alexander Robinson sold and conveyed to James L. Currie a parcel of land in Moore County, containing eighty acres, part of two hundred acres, adjoining the lands of James L. Currie, described in said deed aforesaid, for the recited consideration of five hundred dollars ($500), and afterwards, without the knowledge or consent of said Alexander Robinson, and after said deed was delivered, and without any consideration, the said James L. Currie fraudulently inserted in said deed the description, courses and boundaries of another tract of land belonging to said Alexander Robinson, containing one hundred and fifty acres, on Drowning Creek in Moore County, purchased by said Robinson from ____ McKimmon, known as the Sandy Robinson place, adjoining the lands of James L. Currie, John. M. Graham, Stephen Bennett and others, described in said deed from Alexander Robinson to James L. Currie.

" 2. That the consideration recited in said deed is greatly less than the value of said land, the 150-acre tract alone being worth $1,500.

" 3. That at the time of the execution of said deed said Alexander Robinson was not of sufficient mental capacity to execute a deed, ·nor had he sufficient mental capacity to understand the nature of a contract, and his signature to said deed was obtained by the defendant James L. Currie by undue persuasion and false representations as to the contents and nature of said deed, representing that it embraced only the eighty acres aforesaid.

"4. That the defendant James L. Currie was the friend and confidential adviser of said Alexander Robinson for many years before his death, and said Robinson had and reposed unbounded confidence in said Currie in all business transactions and relations, and was easily influenced by said Currie in the most important matters, and that said Currie took advantage of these circumstances and existing state of facts to procure said deed.

"5. That as plaintiffs believe, said Currie has never paid the consideration price expressed in said deed for said eighty acres of land."

The answer of James L. Currie denied the material allegations in the complaint.

The defendant moved that the plaintiffs be required to elect between the inconsistent allegations in the complaint, on the ground that it could not be true that the defendant obtained the deed by fraud and undue influence as to the one hundred and fifty acres, when the one hundred and fifty acres was not, as alleged, described in the deed when it was executed. Motion refused, and defendant excepted.

The suit was prosecuted against James L. Currie only, his co-defendant having died since the commencement of this action.

The following issues were submitted to the jury, to both of which the jury responded "Yes."

"1. Did the defendant procure the deed from Alexander Robinson by undue influence or false representation as to the 150-acre tract?

"2. Did the defendant, after the execution of the deed, fraudulently and without the knowledge and consent of Alexander Robinson, insert in said deed the 150-acre tract?"

After the verdict was rendered the defendant moved to set aside the same, on the ground that the issues and the answers thereto were inconsistent and contradictory.

Whereupon his Honor made the following order, to-wit:

" It appearing to the Court that the verdict of the jury upon the issues is contradictory and inconsistent, the same is for that reason set aside and a new trial awarded."

To which the plaintiffs excepted, and appealed.

*Messrs. Black & Adams*, for plaintiffs (appellants).
*Messrs. J. W. Hinsdale* and *W. E. Murchison*, for defendant.

AVERY, J.: Where the verdict of a jury is either so inconsistent or so indefinite that the Court cannot determine upon the pleadings and findings what judgment should be rendered in favor of a given party, or which of the parties is entitled to judgment, it must be set aside and a new trial awarded. *Allen* v. *Sallinger*, 105 N. C., 333; *Crews* v. *Crews*, 64 N. C., 536. The same result must follow where findings of the jury are irreconcilably inconsistent with the admissions in the pleadings. *Tankard* v. *Tankard*, 79 N. C., 54.

A careful review of the cases in which this Court has given its approval to setting aside verdicts on account of inconsistent findings, discloses the fact that the rulings have invariably rested upon the ground that there were two responses to different issues in each case, one of which would support a decree for the defendant, while the other would entitle the plaintiff to recover. So that the Court could not proceed to judgment because there was no principle of law which empowered the Judge to choose between two contestants, both of whom had been declared by the jury to be the prevailing party. *Mitchell* v. *Brown*, 88 N. C., 156; *Bank* v. *Alexander*, 84 N. C., 30; *Morrison* v. *Watson*, 95 N. C., 479; *Turrentine* v. *Railroad*, 92 N. C., 638; *Porter* v. *Railroad*, 97 N. C., 66; *Allen* v. *Sallinger, supra; Puffer* v. *Lucas*, 107 N. C., 322. But when the verdict points out who is the prevailing party, and determines distinctly the facts upon which the nature and measure of his redress depend, the Court is not precluded from pronouncing the sentence of the law upon the findings,

because, upon two allegations in the complaint, in the nature of separate counts in a declaration or distinct grounds of action, issues have been framed and responses returned which are not in perfect harmony with each other, when it appears that upon either finding, considered separately, the same party (here the plaintiff) would be entitled to precisely the same judgment. In the case at bar, whether the defendant inserted the description of the 150-acre tract of land in the deed before it was signed, and by undue influence or false representation induced the grantor to execute it in that shape, or whether after execution he forged the portion of the deed embracing the calls of that tract, in either event the Court would declare the deed fraudulent and void as a conveyance of the 150-acre tract, and adjudge that the plaintiff recover the possession, and costs in the action. Indeed, we can readily understand how the jury might have been misled so far as to intend by the response to the first issue to find that the defendant represented to Alexander Robinson that he was conveying only the eighty-acre tract, and afterwards altered the deed by inserting the description of the other tract.

If the Judge who presided in the Court below entertained any doubt about the weight of the evidence, and thought that the findings of the jury upon both issues, together with other circumstances, indicated that they were unduly biased in favor of the plaintiff, he might have set aside the verdict in the exercise of a sound discretion, and the order would not have been reviewable here. But we do not think that the verdict is so contradictory or inconsistent that the Court could not see what judgment should be entered. Mere informality will not vitiate a verdict if it appears that no injustice will result from an adjudication upon its substance or general purport. *Hawkins* v. *House*, 65 N. C., 614; *McMahan* v. *Miller*, 82 N. C., 317; *Walker* v. *Mebane*, 90 N. C., 259.

We have extended our examination of authorities upon the practice in cases of this kind to the text-writers and

decisions of other Courts, and we have not found any case where two findings, which would support precisely the same judgment in favor of the same party, have been set aside on the ground of inconsistency in the verdict. *Potter* v. *Hancock*, 30 Conn., 518; Hilliard on New Trials, p. 148. The Supreme Court of New York, in the case of *Hyatt* v. *Railroad*, 6 Hun., 306, held that a verdict was inconsistent where the jury assessed punitive damages against a railway company on account of an assault on the plaintiff by its conductor, who was a co-defendant, but did not find a verdict against the conductor, because, *ex necessitate*, if the conductor was not in fault the company was not liable. The finding in favor of the conductor necessarily meant that the plaintiff was entitled to recover nothing against the corporation, while the assessment of damages against the company was a basis for a judgment for the amount against it. The verdict was set aside, because, in one aspect of it, the plaintiff was entitled to recover, while in another he was not. The test, therefore, is whether there are two phases of a verdict—the one entitling the one party and the other the adverse party to a judgment in his favor.

The judgment of the Court is reversed and the case remanded, to the end that judgment may be rendered upon the verdict in favor of the plaintiff.          Reversed.

MacRae, J. (dissenting): I am constrained to dissent from the conclusion reached by a majority of the Court, and to concur in the view taken by the learned Judge who tried the case below. It seems to me that the responses to the two issues are so inconsistent and illogical that they cannot stand together, and as the Court could not select either one as against the other, both should be rejected. · The response to the first issue necessarily negatives the second, for if the defendant procured the deed from Alexander Robinson by undue influence or false representation as to the 150-acre tract, it was physi-

cally impossible that he should have inserted the calls of this tract in the deed after its execution. If, on the other hand, the defendant, fraudulently and without the knowledge and consent of Alexander Robinson, inserted in said deed the 150-acre tract, it was equally impossible that he should have procured the deed from Robinson by undue influence and fraudulent representation as to the 150 acres. So that, by the verdict, we have, in effect, an affirmative and a negative response to each issue.