GEORGE H. SMATHERS v. R. D. GILMER, Trustee and Administrator *c. t. a.* of JAMES R. LOVE.

(Decided May 29, 1900.)

*Shortage of Acreage—False Representation—Warranty—Caveat Emptor.*

1. The maxim of *caveat emptor* applies equally to sales of real and personal property and will be adhered to when there is no fraud—and so, as to quantity.

2. When each party has equal means of information, and there is no proper warranty and no false representation calculated to deceive, a party purchases at his own risk, and is without remedy.

CIVIL ACTION for damages for shortage in acreage in tract of land bought by plaintiff, heard by *Starbuck, J.,* upon facts alleged and agreed on, jury trial waived, at Spring Term, 1899, of HAYWOOD Superior Court. Judgment in favor of defendant. Appeal by plaintiff.

The facts material to the decision are stated in the opinion.

*Mr. T. H. Cobb,* for appellant.
*Messrs. Simmons, Pou & Ward,* for appellee.

FAIRCLOTH, C. J.   This is an action to recover damages
against the defendant, trustee and administrator of James
R. Love, for shortage in acreage in the land described in the
complaint, lying in the wild lands of Haywood County, tried
by the Court by consent, on facts admitted in the pleadings
and facts agreed on and set out in the judgment—said tract
being a part of a large body of land in Haywood and adjoin-
ing counties, owned by said James R. Love.

These are the facts material to a decision:   In February,
1876, the executors of said Love contracted in writing to con-
vey to R. V. Welch a boundary of land supposed to contain
five hundred acres more or less, etc., as soon as the purchase
money was paid.   On May 9, 1883, Welch transferred this
bond for title to Richard Gray, and on the same day the sur-
viving executors of Love executed and delivered a sufficient
deed to said Richard Gray for the said tract of land, adjoin-
ing the lands of A B and C, and bounded by *definite* courses
and distances "containing five hundred acres, more or less,"
with a covenant of authority to sell and to warrant the same.
By a proper decree in some proceeding between the heirs-at-
law of said Richard Gray, commissioners were appointed to
sell said tract of land after due advertisement, etc., whose
report of sale was confirmed by the court, the plaintiff being
the purchaser at the price of $510.   In September, 1895,
the said commissioners made their deed to the plaintiff for
said land, with same definite description by courses and dis-
tances, "containing five hundred acres more or less," with
warranty of title so far as they were required to do by the
decree of the Court.   The deed to Richard Gray was regis-
tered on April 29, 1884.

At the time the plaintiff purchased, he believed there were
about five hundred acres in the tract.   No representation
was made at the sale as to the number of acres, and the

defendant avers that the sale in 1883 to Gray was as a solid body of land, and not by the acre. Soon after the plaintiff had purchased, he caused a survey of the tract to be made, and the surface measurement showed only 262 acres.

As a matter of law his Honor adjudged that the plaintiff could not recover damages for the deficiency in acreage.

The principle of law applicable to such cases are few and simple. The plaintiff had two opportunities for protection: 1. A simple calculation, according to the definite boundaries, courses and distances, appearing on the record from the day of the registration of Gray's deed for over ten years before he purchased. 2. To require proper covenants in his deed for his protection.

Failing to avail himself of those means, he purchased at his own risk and subject to the principle of *caveat emptor.* When each party has equal means of information that principle applies, and the injured party is without remedy. If, however, false representations are made, on which the other party may reasonably rely, they constitute a material inducement to the contract, and the injured party has acted with ordinary prudence, courts of justice will afford relief. Ordinarily, the maxim of *caveat emptor* applies equally to sales of real and personal property, and will be adhered to where there is no fraud. *Walsh v. Hall,* 66 N. C., 233. And so as to quantity, etc. *Etheridge v. Vernoy,* 70 N. C., 713, and cases cited.

"Ordinarily the quantity of acres contained in a deed constitute no part of the description, especially where there are specifications and localities given by which the land may be located, but in doubtful cases it may have weight as a circumstance in aid of the description, and, in some cases in the absence of other definite descriptions, may have a controlling effect." 1 Greenleaf on Ev., sec. 301; *Baxter v. Wilson,* 95 N. C., 137; *Cox v. Cox,* 91 N. C., 256.

"Quantity is in no way material except where the boundaries are doubtful, and, there, it is a new circumstance." *Reddick v. Leggett,* 7 N. C., 539.

These cases sufficiently show the universal rule in this State. There is no doubt as to the boundaries, and it does not appear that the defendant had any better information in regard to the number of acres than the plaintiff. It is not so alleged.

His Honor's legal conclusion was correct.

Affirmed.