MANNING, J., dissents.
The facts are stated in the opinion.
The jury found, in response to the issues submitted, that the defendant contracted to sell and the plaintiff contracted to buy the lands referred to in the complaint and included in the survey set out in *Page 446 
the complaint; that the defendant represented to the plaintiff and guaranteed him that there were 100 acres in the tract, and the plaintiff, so believing, was induced to contract to pay therefor $5,850; that, in fact, the tract contained only 78 3-100 acres; that the plaintiff would not have bought the lands if he had known at the time that the area was less than 80 acres; that the defendant, falsely and fraudulently, in order to induce the plaintiff to buy the land, represented to him that the tract contained 100 acres, and the plaintiff, relying upon such representation, did purchase said land; that the plaintiff, on account of the deficiency in the acreage, is entitled to an abatement in the price of $1,238.45, and is also entitled to recover $355 damages.
Upon this verdict the court entered judgment that the defendant holds the lands described in the complaint, first, as a security for the balance of the purchase-money, and next thereafter for the benefit of and to be conveyed, with the joinder of his wife, to the plaintiff, on payment of the purchase money, to wit, $4,611.55, on account of the purchase price of the land, less $100 paid 12 November, 1906, which sum the defendant is entitled to recover of the plaintiff, less the further sum of $355, damages assessed by the jury, with interest on the balance from 12 November, 1906, upon payment of which sum the said defendant will execute deed in fee (with the joinder of his wife in the conveyance), with the usual covenants of warranty, seizin, etc., and give possession therewith to the plaintiff.
This action is brought for the purpose of reforming an agreement, entered into 12 November, 1906, between the defendant and wife and the plaintiff, giving the plaintiff an option for the purchase of the said lands, to make it speak the truth, by inserting a guarantee alleged to have been given by the defendant and wife that the said tract contained 100 acres, and to procure specific performance by the execution of a deed for the correct number of acres, upon payment of the agreed purchase price, reduced by apro rata amount for the deficiency in the number of acres.
(462) It appeared in evidence that the defendant had advertised the land for sale in the Greensboro Patriot as containing 108 acres, and that he had listed it in writing, with a real estate agent, as his agent, to sell the same, as containing 108 acres, and that said agent so represented it to the plaintiff, and that the defendant, in a personal interview with the plaintiff, guaranteed that the tract contained 100 acres; that the tract of land consisted originally of three tracts, which had been bought by the defendant, and that, adding up the acreage set out in the three deeds to the defendant, the sum was between 75 and 80 acres. The defendant denied that he had guaranteed the number of acres or that anything was omitted from the contract in evidence. *Page 447 
When a contract is reduced to writing, parol evidence cannot be admitted, to vary, add to, or contradict the same. But when a part of the contract is in parol and part in writing, the parol part can be proven if it does not contradict or change that which is written. Nissen v. Mining Co.,104 N.C. 310, and citation in annotated edition.
It is true, also, that an agreement for the conveyance of the land is not binding unless reduced to writing and signed by the party to be charged; but a guarantee of the number of acres, like the receipt of the purchase-money or recital of the consideration, is not required to be in writing. Sherrill v. Hagan, 92 N.C. 349; McGee v. Craven, 106 N.C. 356;Currie v. Hawkins, 118 N.C. 595; Quinn v. Sexton, 125 N.C. 452; Brownv. Hobbs, 147 N.C. 77.
In requiring, therefore, the plaintiff to show that the guarantee of the acreage was omitted from the instrument by mistake, the court placed an undue burden upon the plaintiff, but of this the defendant cannot complain.
In a contract to convey, or a conveyance of land, if there is a shortage in the number of acres, the grantee is not entitled to a pro rata abatement in the purchase price if both parties had equal source of information (which was not the case here), unless the vendee has taken a guarantee as to the number of acres. Smathers v. Gilmer, 126 N.C. 757. But this is what the plaintiff contends he did on this occasion, and the jury has found this issue in accordance with his testimony. It was optional with the vendee, in view of so material a shortage, to cancel the contract or to take the deed with pro rata abatement in the price. 26 A. E. (2 Ed.), 116.
The defendant contends that the verdict was inconsistent in finding on the third issue that the defendant believed the land contained 100 acres, and in response to the sixth issue that he was guilty of fraud in inducing the plaintiff to believe that it contained (463) 100 acres. Both these allegations were in the complaint, there being two causes of action set out. There was evidence to support both, and the issues were submitted by consent. This is not the case of inconsistent findings upon the same evidence, nor is it the case where one finding would require a judgment in favor of the plaintiff and the other a judgment in favor of the defendant. In McCaskill v. Currie, 113 N.C. 316, it is said: "A careful review of the cases in which this Court has given its approval to setting aside verdicts on account of inconsistent findings discloses the fact that the rulings have invariably rested upon the ground that there were two responses to different issues in each case, one of which would support a decree for the defendant, while the other would entitle the plaintiff to recover. So that, the court could not proceed to judgment, because there was no principle of law *Page 448 
which empowered the judge to choose between the two contestants, both of whom had been declared by the jury to be the prevailing party. Mitchell v.Brown, 88 N.C. 156; Bank v. Alexander, 84 N.C. 30; Morrison v. Watson,95 N.C. 479; Turrentine v. R. R., 92 N.C. 638; Porter v. R. R., 97 N.C. 66;Allen v. Sallinger, 105 N.C. 333; Puffer v. Lucas, 107 N.C. 322. But when the verdict points out who is the prevailing party, and determines distinctly the facts upon which the nature and measure of his redress depend, the court is not precluded from pronouncing the sentence of the law upon the findings, because, upon two allegations in the complaint, in the nature of separate counts in a declaration or distinct grounds of action, issues have been framed and responses returned which are not in perfect harmony with each other, when it appears that upon either finding, considered separately, the same party (here the plaintiff) would be entitled to precisely the same judgment. In the case at bar, whether the defendant inserted the description of the 150-acre tract of land in the deed before it was signed, and, by undue influence or false representation, induced the grantor to execute it in that shape, or whether, after execution, he forged the portion of the deed embracing the calls of that tract, in either event the court would declare the deed fraudulent and void as a conveyance of the 150-acre tract, and adjudge that the plaintiff recover the possession and costs in the action. . . . If the judge who presided in the court below entertained any doubt about the weight of the evidence and thought that the findings of the jury upon both issues, together with other circumstances, indicated that they were unduly biased in favor of the plaintiff, he might have set aside the verdict in the exercise (464) of a sound discretion, and the order would not have been reviewable here. But we do not think that the verdict is so contradictory or inconsistent that the court could not see what judgment should be entered. Mere informality will not vitiate a verdict if it appears that no injustice will result from an adjudication upon its substance or general purport.Hawkins v. House, 65 N.C. 614; McMahon v. Miller, 82 N.C. 317; Walkerv. Mebane, 90 N.C. 259. . . . We have extended our examination of authorities upon practice in cases of this kind to the text writers and decisions of other courts, and we have not found any case where two findings which support precisely the same judgment in favor of the same party have been set aside on the ground of inconsistency in the verdict."
The foregoing is the case presented here. The plaintiff is entitled to precisely the same relief, regardless of which of the issues (three and six) the jury answered affirmatively. In no phase of the case is the defendant entitled to a decree upon the findings of the jury; and by no *Page 449 
possibility, with reference to the relief sought, is injury done him by the findings on the sixth issue.
There were sundry exceptions to the evidence, in which we find no error and which require no discussion, in view of what we have said, which is also conclusive as to the exceptions for the refusal of certain prayers for instructions. The charge was full and complete, and not excepted to, in any material particular. The jury evidently understood the facts in issue and have determined them.
As to the ninth issue, the plaintiff was entitled to recover the net value of the wheat crop, if (as the jury found) it was to pass to the vendee, but not the expense of bringing his son and family from Virginia and boarding them while disappointed of getting possession. This was too remote. The damages while wrongfully kept out of possession of realty are the rents and profits, while the vendor is entitled to interest on the purchase-money. If there were any mesne profits, except the wheat, probably the parties can agree as to their value; if not, the court below will permit the plaintiff to amend his complaint, and there will be a new trial of the ninth issue, as to the wheat and value of other mesne profits. In all other respects we find
No error.