TURNER & PARKER v. H. A. VANN ET AL.

(Filed 8 March, 1916.)

**Deeds and Conveyances—Tract of Land—Shortage of Acreage—Abatement in Price.**

Where a tract of land is sold as a whole, without representation or warranty as to the number of acres it contains, and in the absence of fraud, the purchaser may not recover an abatement of the price for a shortage of a number of acres the tract was supposed to contain, in this case about 170 acres.

APPEAL by plaintiffs from *Ferguson, J.,* at April Term, 1915, of HERTFORD.

Civil action to recover damages for shortage in acreage in a tract of land bought by the plaintiffs from the defendants.

The plaintiffs allege in their complaint that they purchased the land relying on representations made by the defendants that the tract of land contained 550 acres; that these representations were false; that in fact the tract of land only contained 379 acres, and that the representations were fraudulently made.

These allegations were denied by the defendants.

On the trial the plaintiffs abandoned all allegations of fraud.

Evidence was introduced on behalf of the plaintiffs tending to prove that the defendants represented that the tract of land contained 550 acres, when in fact there were only 379 acres of the land.

The defendants introduced evidence tending to prove that they made no representation as to the number of acres in the land and that, on the contrary, they told the plaintiffs at the time of the purchase that they did not know how many acres were in the tract, but that it was supposed to contain 550 acres.

The jury found that the defendants did not represent the tract of land to contain 550 acres.

Judgment was entered in favor of the defendants, and the plaintiffs appealed.

*R. C. Bridger for the plaintiffs.*

*Pruden & Pruden, J. E. Vann, and S. Brown Shepherd for defendants.*

ALLEN, J. The learned counsel for the plaintiffs concedes in his carefully prepared brief that the judgment of the Superior Court cannot be reversed unless the following propositions are established:

1. That there is an actual shortage of $169\frac{1}{16}$ acres or thereabouts in the land in controversy, as averred in the complaint, and the said fact should have been found to exist as a matter of fact by the court below.

2. That the sale was one by the acre and not in the gross.

3. That the plaintiffs, when they purchased the said land, fully relied upon the representations made to them by the appellees, that the tract contained 550 acres. That appellees knew at the time of the deficiency in acreage, as represented, made said representations, and appellants relied upon them and purchased the land for 550 acres, when in fact the tract contained only $379\frac{15}{16}$ acres.

4. That assuming the shortage, the appellants were entitled to a judgment for the deficiency by reason of representations made by appellees and relied on by appellants, or mutual mistake of fact.

The first of these propositions seems to be established by the undisputed evidence, but there is neither allegation nor proof to sustain the second.

It is not alleged in the complaint that the sale of the tract of land was made by the acre; on the contrary, the whole burden of the complaint is that the defendant sold a tract of land, falsely representing that it contained 550 acres, when in fact there were only 379 acres.

The third proposition is fully met by the verdict of the jury rendered upon competent evidence, finding that the defendants made no representation as to the acreage of the land.

The fourth proposition is based upon the idea that, although there were no representations as to the acreage of the land, and no fraud, the deficiency in acreage is so great that a court of equity will give relief to the plaintiffs by deducting a proportionate amount of the purchase price or by compelling its return to the plaintiffs.

Authorities are cited from other jurisdictions tending to support the position of the plaintiffs, but the doctrine is well established otherwise in this State. *Smathers v. Gilmer,* 126 N. C., 757; *Stern v. Benbow,* 151 N. C., 462; *Bethell v. McKinney,* 164 N. C., 71.

In *Smathers v. Gilmer, supra,* a recovery was denied for shortage in acreage when there was no representation and no fraud, although the deficiency was 238 acres in a tract of land supposed to contain 500 acres, which is greater than in the case before us, and this was approved in *Bethell v. McKinney, supra,* the Court saying in the latter case: "The other exception is to decreeing an abatement by reason of the alleged shortage in the acreage. As to that, the law in this State is well settled. In *Smathers v. Gilmer,* 126 N. C., 757, the Court held that where a definite tract of land was sold, or contracted to be sold, in the absence of fraud and false representation, a party purchases the tract agreed upon, and, in the absence of a guarantee as to quantity, is entitled to no abatement if there is a shortage, nor is the vendor entitled to an addition to the price if there is an excess. In that case, as in this, the sale was of a solid body of land, and not by the acre. The description was, 'containing 500 acres, more or less.' It turned out on survey that there were only 262 acres, but the court allowed the purchaser no abatement, because he could have protected himself by examination or survey, or he could have required a covenant as to the number of acres, citing *Walsh v. Hall,* 66 N. C., 233; *Etheridge v. Vernoy,* 70 N. C., 713, and cases there cited. *Smathers v. Gilmer, supra,* has been cited with approval in *Stern v. Benbow,* 151 N. C., 462. It would be otherwise if there was a covenant as to the acreage, or if the purchase was by the acre and not for a definite tract of land as to which sources of information were open to both parties."

We have examined all of the exceptions appearing in the record and find none that would justify disturbing the finding upon the first issue, which is determinative of the rights of the parties.

No error.