J. M. GALLOWAY v. FLEMING GOOLSBY.

(Filed 11 December, 1918.)

1. Pleadings—Defense—Counterclaim—Judgment.

In an action to recover a balance of the purchase price of lands, allegations in the complaint that the lands were sold as a known tract at a

certain price for the whole, which was denied by the answer, alleging the price was by the acre, overpayment, and claiming the amount thereof: *Held*, the matters alleged in the answer were those in defense, not requiring a replication in denial, and motion for judgment upon the pleadings for a counterclaim because not denied, or a requested instruction to that effect, was properly refused.

2. **Contracts, Written—Lands—Parol Evidence—Contradiction.**

A written contract for the sale of a known, designated and described tract of land, "containing about" a certain number of acres, at a fixed price, is not for the sale of the land by the acre, and excludes the admission of parol evidence to that effect, in the absence of fraud.

3. **Contracts, Written—Evidence—Fraud—Misrepresentations—Mutual Mistake—Pleadings.**

Where parol evidence is sought to vary the terms of a written contract for the sale of lands, as tending to show that the designated tract was sold by the acre, allegation with evidence that the vendor, or his agent, had represented that the land contained a larger acreage than that specified "before, at and after" the transaction, is not sufficient upon the question of fraud or mutual mistake.

4. **Contracts, Written—Pleadings—Fraud.**

To set aside a written instrument for the sale of lands for fraud, it is necessary for the complaint to allege an intent to defraud and deceive, with the facts necessary to constitute them, and that advantage had been taken thereof.

5. **Instructions, Verdict Directing—Written Contracts—Parol Evidence.**

Where a written contract is alleged and sued on, without allegation or evidence of fraud, and the evidence sought to be introduced only tended to vary the admitted writing, an instruction by the court that if the jury believed the evidence, to answer the issues in the plaintiff's favor, is a proper one.

APPEAL by defendant from *Shaw, J.,* at June Term, 1918, of ROCK-INGHAM.

This is an action to recover judgment for balance due on the sale of a tract of land made by plaintiff's father and devisor to the defendant. The defendant contends that he bought by the acre, on a basis of 97 acres, and that on an actual survey since signing the contract the land contains only 81 acres, and that he has overpaid the plaintiff by mistake $17.50.

The plaintiff contends that the contract was in writing; that he sold, and the defendant bought, the "Turner Wall tract" of land for $700; that there is no mention of the price per acre, which is stated to be "$700, the price of the land."

Deducting the payments made, the difference between $700 and the amount paid, the balance due is $206.35, with interest from 17 June, 1918, for which amount there was verdict and judgment.

The contract for the sale of the land is as follows:

MADISON, N. C., 15 September, 1906.

This paper witnesses a contract for the sale and purchase of land by and between John M. Galloway, first party, and Fleming Goolsby, second party, both of Rockingham County, North Carolina, as follows:

The tract of land is commonly called the "Turner Wall tract," and is at present occupied by him as tenant. It lies in Huntsville Township, directly south of the public road leading from Wentworth to Rocky Springs, adjoining the lands of T. B. Knight, Susan Roberts, Fleming Goolsby, the Oliver land, and others, containing about 97 acres. The price of the land is $700; $100 is paid in cash, the receipt of which is hereby acknowledged; $100 is to be paid 1 May, 1907, 1908, 1909, 1910, 1911, 1912, with privilege to second party of paying it all at any time, all deferred payments bear interest from the date of this contract at the rate of 6 per cent per annum, failure to make a payment at the time specified makes the whole amount unpaid due at once. On completion of the payments above specified, first party binds himself, heirs and personal representatives, to make the second party a general warranty deed of said land. Possession given at once to second party, with the right of collecting the rents and the crops of 1906.

Witness our hands and seals.

FLEMING GOOLSBY.      (Seal)
JOHN M. GALLOWAY.     (Seal)

The jury found upon the issues submitted that the plaintiff's testator and defendant made the contract for the purchase of the land as set out in the written agreement, and the defendant obtained possession thereunder, and that the plaintiff is ready, able and willing to convey to the defendant title to the same, and find that the balance due is $206.35, with interest from 17 June, 1918. It was agreed by the parties that this was the correct amount, unless the defendant was entitled to an abatement in the price by reason of the shortage in the acreage.

From the judgment on the verdict the defendant appealed.

*P. W. Glidewell and C. O. McMichael for plaintiff.*
*J. R. Joyce and M. F. Douglas for defendant.*

CLARK, C. J. The assignments of error are:

1. That the court erred in refusing to give the defendant judgment on the pleadings because the plaintiff did not reply to the defendant's further answer containing the counterclaim for an abatement in price because of shortage in the acreage, and the second assignment of error

is for refusal to instruct the jury that "for lack of such reply, the counterclaim must be taken as true without any evidence."

The complaint sets out the contract, which is in writing, and alleged that $700 was the amount due, less the payments made, and that the land was sold as a tract and not by the acre. The answer alleged that the agreement was by the acre, and that therefore the land had been fully paid for. This was not a counterclaim, but a defense, and the plaintiff was not called upon to repeat what he had already alleged in his complaint. If the contract had been as the defendant alleged, the defendant might have asked for the recovery of $17.50 overpayment, but he does not do so, and on the finding of the jury on the first issue there could have been no recovery even of that amount.

Assignment of error 3 was for refusal to charge that the land described in the complaint was purchased by the acre, and that the number of acres in the tract was 81. The court properly refused to so charge. The contract was in evidence and was in writing, and stated that the land sold was the Turner Wall tract, describing it, "containing about 97 acres," and added "the price of the land is $700." This could not be varied or changed by parol testimony, and the court properly refused to charge that the evidence of the defendant should be taken as true.

In *Smathers v. Gilmer,* 126 N. C., 757, the Court said, as quoted in *Stern v. Benbow,* 151 N. C., 462: "In a contract to convey, or a conveyance of land, if there is a shortage in the number of acres, the grantee is not entitled to a *pro rata* abatement in the purchase price unless the vendee has taken a guarantee as to the number of acres." See, also, citations to both these cases in the Anno. Ed.

In *Bethell v. McKinney,* 164 N. C., at p. 78, it is said: "The other exception is to decreeing an abatement by reason of the alleged shortage in the acreage. As to that, the law in this State is well settled. In *Smathers v. Gilmer,* 126 N. C., 757, the Court held that where a definite tract of land was sold, or contracted to be sold, in the absence of fraud and false representation, a party purchases the tract agreed upon, and in the absence of a guarantee as to quantity is entitled to no abatement if there is a shortage, nor is the vendor entitled to an addition to the price if there is an excess."

In that case it is further said: "In that case, as in this, the sale was of a solid body of land, and not by the acre. The description was, 'containing 500 acres, more or less.' It turned out on survey that there were only 262 acres, but the Court allowed the purchaser no abatement because he could have protected himself by examination or survey, or he could have required a covenant as to the number of acres, citing *Walsh v. Hall,* 66 N. C., 233; *Etheridge v. Vernoy,* 70 N. C., 713, and cases

there cited. *Smathers v. Gilmer, supra,* has been cited with approval in *Stern v. Benbow,* 151 N. C., 462. It would be otherwise if there was a covenant as to the acreage, or if the purchase was by the acre, and not for a definite tract of land, as to which sources of information were open to both parties." The above cases are cited and approved in *Higdon v. Howell,* 167 N. C., 457.

In *Turner v. Vann,* 171 N. C., 129, all the above cases are cited and approved by *Allen, J.* In that case the plaintiffs alleged that they purchased the land, relying on representations of defendant that the tract of land containing 550 acres, which was false, and that the tract only contained 379 acres. The Court denied the abatement of the price.

The fifth assignment of error is that the court erred in refusing to instruct the jury that "If they believed the evidence, to find that the plaintiff falsely and fraudulently deceived the defendant as to the acreage and the boundaries of the land described in the complaint, known as the Turner Wall tract. This is admitted by plaintiff by reason of its failure to reply to the defendant's answer." But there is no evidence, as set out in the record, to justify such instruction, and the answer, while it alleged that the representation that the tract contained "about 97 acres, or something in excess thereof," was false and fraudulent, does not allege that there was any intent to defraud and deceive (*Tarault v. Seip,* 158 N. C., 368; *May v. Loomis,* 140 N. C., 352); nor are the facts constituting fraud set out, as is necessary (*Mottu v. Davis,* 151 N. C., 237; *Beaman v. Ward,* 132 N. C., 68); nor that any advantage was taken of the defendant by any fraud.

The answer did not raise the issue of fraud by sufficient pleading, and the court properly refused to permit the defendant to testify as to representations made by the plaintiff in regard to the number of acres. The defendant stated to the court that "He expected to prove by this witness that the plaintiff, as the agent of his father, represented to the defendant that the tract of land contained at least 97 acres; that it was bought by the acre; that the defendant was buying the entire Turner Wall tract; that these representations were made prior to, at the time of, and subsequent to, the signing of the contract alleged in the complaint."

This would not have tended to prove fraud and deceit to set aside the contract, but merely to contradict the written agreement. Fraud is not sufficiently pleaded in the answer (*Mottu v. Davis* and *Tarault v. Seip, supra*), nor is mutual mistake, but simply a representation by the agent of the seller, that the tract contained 97 acres, and that the sale was by the acre, whereas the written agreement shows that it was sold by the tract and at a lump sum. The statement alleged, if the answer had been permitted, would have shown merely an expression of opinion by

the agent of the seller as to the quantity of acres and could not have contradicted the terms of the contract. There were no pleadings and no evidence that required the submission of the issues tendered by the defendant.

The court properly instructed the jury that if they believed the evidence to answer the issues as found. The contract was in writing, and there was no pleading nor evidence to set it aside for fraud or mistake.

No error.