E. M. HENOFER v. REALTY LOAN & GUARANTY COMPANY.

(Filed 3 December, 1919.)

1. **Deeds and Conveyances—Purchaser by Acre—Shortage of Acreage—Actions—Warranty of Title—Warranty of Acreage.**

   Where a conveyance is made of a certain number of acres of land at a specified price per acre, based upon an honest miscalculation of the parties from a map, and it is ascertained after the conveyance had been made that the purchaser obtained a much less number of acres than he had paid for; he may maintain his action to recover against his grantor the difference in the number of acres between that paid for and received, as on a breach of contract; and, also, under a breach of warranty of title, the price of the acreage he had paid for and to which his grantor had no title. The principle upon which the grantee may not recover for a deficiency in acreage recited in a deed conveying a definite or described tract of land, without warranty as to the acreage, is distinguished.

2. **Pleadings—Allegations—Proof—Prayers for Relief.**

   The plaintiff is entitled to recover upon the cause alleged and proved, and is not confined to the relief prayed for in his complaint.

3. **Pleadings—Amendments—Amplification—New Cause of Action—Limitation of Actions—Deeds and Conveyances—Shortage of Acres.**

   Where the action is neither to correct a mutual mistake in a deed nor for decree for specific performance to convey land omitted therefrom, but to recover on a breach of the contract and bond for title the amount paid under mutual mistake for the shortage in acres sold by the acre, leave given the plaintiff to amend his complaint by alleging he was a nonresident and was unacquainted with the lands he was buying, and was without knowledge or opportunity to know of the deficiency, does not introduce a new cause of action, barred by the statute of limitations, but is only an amplification of the complaint to specify more particularly the cause of action.

APPEAL by defendant from *Finley, J.,* at February Term, 1919, of MCDOWELL.

This is an action to recover damages for a deficiency in the acreage of a tract of land purchased and paid for by the acre. The acreage was calculated from a map used by the defendant. The plaintiff contracted to buy, and the defendant to sell, at a certain price per acre, and the calculation of acreage, based on the map, showed 2,611 acres in all, and the plaintiff paid for that number of acres at the contract price. Both parties were under the honest but erroneous belief that the land covered by the boundaries in the map would come to 2,611 acres, when in fact the tract, as conveyed, contained but 1,896 3-16 acres, a deficiency of 714 13-16 acres. Of this deficiency 522 3-8 acres was the difference between the acreage included in the boundaries set out in the deed executed by the defendant to the plaintiff, and the acreage within the

'boundaries laid down on the map, and the other 192 7-16 acres of short-age was caused by a failure of title to that extent in the acreage within the boundaries as set out on the deed.

The above facts were found by the referee and approved by the judge. The referee rendered judgment for the shortage of 192 7-16 acres within the boundaries of the deed as a breach of warranty, and judgment against the plaintiffs on the claim for shortage as to the 522 3-8 acres.

The judgment, as entered by the judge, was simply for the entire short-age of 714 13-16 acres at the contract price of $2.50 per acre, with interest.   Appeal by defendant.

*Pless & Winborne and S. J. Ervin for plaintiff.*
*Avery & Erwin, Hudgins & Watson, and Murray Allen for defendant.*

CLARK, C. J.   The judgment of the court that the plaintiff recover for the entire shortage of 714 13-16 acres at the purchase price of $2.50 per acre with interest is affirmed.   The defendant does not contest judg-ment for the 192 7-16 acres conveyed by the deed, as to which there was .a breach of warranty of title in the deed.

Where land is bought by the acre, or there is a collateral agreement (which may be verbal) that the deficiency, if any, shall be made good, the Court will uphold the demand for a rebate, or for a return of the amount overpaid.   *McGee v. Craven,* 106 N. C., 355; *Sherrill v. Hagan,* '92 N. C., 345; *Currie v. Hawkins,* 118 N. C., 593, cited and approved; *Brown v. Hobbs,* 147 N. C., at p. 77.

It is true that where the contract, or the deed, is for a specified tract ·of land, on the mere recital of the number of acres where there is no ‑warranty in the deed as to the acreage, the vendor cannot recover for any shortage in the acreage, in the absence of allegation and proof of fraud and misrepresentation in the acreage, unless there is a failure of title for part of the land conveyed, in which case he recovers damages upon the warranty of title.

In *Galloway v. Goolsby,* 176 N. C., 638, it is said to be settled in this State that "where a definite tract of land is sold, or contracted to be sold, in the absence of fraud and false representation, a party purchases the tract agreed upon, and in the absence of guarantee as to quantity, is ·entitled to no abatement if there is a shortage, nor is the vendor entitled to an addition to the price if there is an excess."   That case cites to the .same effect *Turner v. Vann (Allen, J.),* 171 N. C., 129; *Bethell v. Mc-Kinney,* 164 N. C., 78; *Stern v. Benbow,* 151 N. C., 462, and *Smathers v. ·Gilmer,* 126 N. C., 757.

It is immaterial how much of the shortage was caused by the con-·traction or alteration of the boundaries in the deed from those on the

map, or how far it was caused by a failure of title to part of the acreage within the boundaries laid down in the deed. This case rests upon the breach of contract, and bond for title in the failure to convey by a good title the number of acres that the defendant sold, and the plaintiff paid for, at $2.50 per acre. It turned out that the land conveyed by a good title lacks 714 13-16 acres of being 2,611. It is exactly the case as if the defendant had sold the plaintiff 2,611 bushels of wheat, describing it as being contained in a certain barn, at the price named. If, on delivery of the wheat, it proved to be 522 3-8 bushels short, and of that actually delivered the vendor's title proved defective as to 192 7-16 bushels, the plaintiff would be entitled to recover for the whole deficiency—714 13-16 bushels—at the price paid, as for money had and received. This is not solely on the ground of warranty of title, but because the plaintiff paid for a greater number of bushels than he actually received.

It is true the prayer for relief in the original complaint is for breach of warranty of title and seizin, and for failure of title and deficiency in the acreage of land purporting to be conveyed by said deed. But the plaintiff is entitled to recover any relief to which the facts alleged in the complaint and the proof entitle him to receive. The facts alleged and proven, and not the prayer for relief, controls the judgment. Rev., 467 (3); *Reade v. Street,* 122 N. C., 302, and cases cited thereto in the Anno Ed.; *Johnson v. Loftin,* 111 N. C., 323, and cases there cited.

In the course of the trial the plaintiff obtained leave to amend his complaint by averring that he was a nonresident and not acquainted with the lines and boundaries of the land described in the map, which he understood he was buying, and that he bought and paid for 2,611 acres, because he had no knowledge, or opportunity to know, of the deficiency. The defendant contends that this amendment constituted a new cause of action, and was barred by the statute of limitations, because it was made more than three years after the alleged discovery of the mistake.

This is a misconception of the cause of action, which is not an action to correct a mutual mistake in the deed, nor for a decree of specific performance to convey land omitted therefrom; but it is an action to recover for breach of the contract and bond for title the amount paid for the shortage in acres. The amendment is simply an amplification of the complaint to specify more particularly the cause of action, which was to recover the price paid for the number of acres short of 2,611, the land having been bought by the acre.

The mistake as to the acreage was discovered in 1908, and this action to recover the price paid for said shortage was brought in 1910, and is therefore not barred by the statute of limitations. Rev., 395 (6).

No error.