C. C. LANTZ v. ALDEN HOWELL ET AL.

(Filed 25 May, 1921.)

**Deeds and Conveyances—Warranty—Breach of Warranty—Description—
    Reference to Prior Deeds—Maps—Actions.**

> Where a deed to a large body of lands, definitely known as certain lands, excludes from the conveyance those of persons holding parts thereof under superior title, and thereafter is referred to in another deed for more full or particular description, together with a map showing the lands excluded, both the former deed and the map are to be taken as a part of

the description in the later deed in the chain of the purchaser's title thereunder, and the purchaser may not recover damages for the lappage in an action brought upon the breach of warranty.

APPEAL by plaintiff from *McElroy, J.,* at February Term, 1921, of BUNCOMBE.

This is an action to recover damages for an alleged breach of covenant of seizin for defect of title as to 98.6 acres in a tract of land. The defendants executed to the plaintiff a conveyance for several tracts of land, and the plaintiff alleges that as to a portion of the first tract of land therein recited there is a defect of title as to 98.6 acres. Upon the agreed statement of facts the court rendered judgment against the plaintiff, and he appealed.

*Merrimon, Adams & Johnston for plaintiff.*
*Smathers & Ward for defendants.*

CLARK, C. J. This is not an action for a shortage in the acreage as to which the plaintiff could not recover. (in the absence of fraud), unless he had taken a warranty as to the acreage; *Galloway v. Goolsby,* 176 N. C., 638, citing *Smathers v. Gilmer,* 126 N. C., 757; *Stern v. Benbow,* 151 N. C., 462, and other cases; nor is it a purchase by the acre as to which the plaintiff could recover for overpayment by mistake. *Henofer v. Realty Co.,* 178 N. C., 584, and cases there cited. But the plaintiff here contends that there is a defect of title as to 98.6 acres in one of the tracts herein contained, and he demands payment for breach of warranty of title to that extent.

The defendants, however, contend that the conveyance recites the boundary of the tract conveyed, and specifies as to this first tract that it was "The land known as the L. C. Glock lands, embraced in State grants Nos. 10181 and 10182, the first of which had been granted by the State to J. O. Tabor, 3 August, 1890, and the latter to H. C. Tabor, 15 November, 1890, containing together 1,250 acres, more or less, as per survey of J. S. Keener, surveyor, and being the same lands conveyed by T. V. Shope, administrator of L. C. Glock, to Charles D. Fuller, 18 May, 1903, which deed was duly recorded in the office of the register of deeds of Swain, in Book X, page 298, 19 May, 1903, to which deed and record reference is made for further description and particulars." A specific description by metes and bounds of those two grants were not set out in the deed, but the defendants admit that these grants covered the 98.6 acres shown on the map. The description in the deed purports only to cover such land embraced in these two grants as was "known as L. C. Glock land, as per survey and location by J. S. Keener, surveyor." The plaintiff admits in the case agreed that he had been given with the deed

a map of the Keener survey, and this map is set out in the record and being referred to in the description of the deed, becomes a part of the deed and description, and taken together they show conclusively that the said lappage of 98.6 acres was not embraced in the land conveyed. A map of survey referred to in a deed becomes a part of the deed. *Nash v. R. R.,* 67 N. C., 413; *Collins v. Land Co.,* 128 N. C., 563; *Lance v. Rumbough,* 150 N. C., 19. This map shows the 98.6 acres in the boundary indicated by heavy red lines, and it excludes from its general boundary the lappage, 98.6 acres, which the plaintiff now claims to be covered by the conveyance to him.

The lands conveyed were contracted to be conveyed to the plaintiff under a contract, February, 1913, providing that the plaintiff should purchase the same at a price of $21 per acre upon a survey to be made by surface measurement, but that in the event the lands were not surveyed by plaintiff by 18 March of said year, the plaintiff was to accept the same upon an acreage of 1,806 acres. The agreement described the lands as being the tract conveyed to the defendants by deed from Charles D. Fuller and wife, 15 November, 1904, recorded in Book Z, page 395, record of deeds of Swain, and that conveyances recites the conveyance in the same words as those used in the conveyance by the defendants to the plaintiff, and adds this: "The said parties of the first part guarantee that there are 1,250 acres of land within the boundary lines of the two grants aforesaid, belonging to said Charles D. Fuller, after excluding all the tracts on the inside of the said two grants belonging to other parties holding the same under older and superior titles to that of grants Nos. 10181 and 10182 aforesaid."

It thus appears that the lands contracted to the plaintiff were the lands known as "the L. C. Glock lands" embraced in State grants Nos. 10181 and 10182, all lands held by older and superior titles lying within said two grants being specifically excluded, as per survey by J. S. Keener, this exclusion being shown both by the contract and by the map. The plaintiff Lantz was put on notice that the grantor did not contract to convey any land inside said Tabor lands held by older and superior title, and the Keener map, which he had in hand, pointed out to him what these lands were which were held by any older and superior title. He looked over the lands with his surveyor and carefully investigated the lands and boundaries, and having decided that the acreage of 1,806 (after excluding this 98.6 acres) was correct, he accepted the deed without a survey, and the deal was closed accordingly. He admits that he did not pay for the lands embraced in this lappage, and in view of the explicit terms of the contract, of the deed, and in the recitals in the deed to the defendants, which were referred to in their conveyance to the plaintiff, and which were on record and made a part

of the conveyance to the plaintiff, the court properly held that both the grantor and grantee understood that the older and superior titles embraced within the Tabor grants were excluded from the boundary conveyed to the plaintiff. The lower court properly adjudged that the plaintiff was not entitled to recover.

Affirmed.