W. E. EVANS AND MAMIE EVANS v. C. C. DAVIS AND ROCKY MOUNT
INSURANCE AND REALTY COMPANY.

(Filed 12 September, 1923.)

### 1. Contracts—Deeds and Conveyances.

The principle affording relief for fraud and deceit applies in proper
instances to deeds and contracts concerning both real and personal prop-
erty, the essential features ordinarily being that there should have been
false representations of some material fact, within the knowledge of the
party making it, and reasonably relied upon by the other, whereby he was
induced to enter into the contract to his pecuniary injury.

### 2. Deeds and Conveyances — Fraud — Deceit — Acreage — Ignorance of Fraud—Misrepresentations.

In order to recover damages against a grantor of lands for fraud and
deceit in misrepresenting the number of acres contained within the desig-
nation of the land in the deed, it is not always required that the party to
be charged had known that the land did not contain the number of acres
he has represented it to contain, when he is consciously and knowingly
ignorant as to whether his representation has been true or false.

### 3. Pleadings—Demurrer—Fraud—Deceit—Deeds and Conveyances.

The grantee of the codefendant conveyed to plaintiff certain designated
lands, and the complaint in the action alleged false and fraudulent repre-
sentation made by plaintiff's immediate grantee in the number of acres
within the description of the lands conveyed, which was identical with
that of his codefendant in the deed to him, it appearing from the plead-
ings that these alleged misrepresentations were made solely upon the
representations made to him by his grantor, with no allegation to show
any connection between the two transactions or any concert of the de-
fendants concerning them : Held, the complaint did not state a cause of
action either against the grantee of the codefendant or against the plain-
tiff's immediate grantor in failing to allege facts to show knowledge on
his part of the deficiency in the acreage of land at the time he executed
his conveyance or at any other time, or that he was guilty of fraud as to
the quantity of the land conveyed, and a demurrer as to both should have
been sustained.

### 4. Deeds and Conveyances—Fraud—Deceit—Damages—Evidence.

In an action for damages for fraud and deceit for misrepresenting the
number of acres contained in a tract of land designated in a deed by
metes and bounds, and accessible to the plaintiff, he is required to have
protected himself by proper covenants in that respect; and in the absence
of positive fraud, or allegation, or evidence sufficient to correct the deed
for mistake, etc., he is ordinarily without remedy.

### 5. Deeds and Conveyances — Fraud — Deceit — Misrepresentations — Evidence.

Where the basis of the cause of action is fraud and deceit in the defend-
ant's misrepresentation of the acreage of a tract of land he had conveyed
to the plaintiff, the complaint must allege the facts necessary for the

granting of the relief specifically and definitely, and general allegations that defendant breached his covenants contained in his deed, and deceit and fraud have therein been practiced on the plaintiff, are not sufficient.

**6. Pleadings—Deeds and Conveyances—Fraud—Deceit—Allegations—Covenants.**

Where there is no specific allegation of the facts constituting fraud and deceit in the misrepresentation by the defendant grantor of the number of acres contained within the description by metes and bounds in his deed, the general warranty of title, with no covenant as to the acreage, in the absence of allegation and evidence sufficient to correct the deed for mistake, etc., attach to the land conveyed by the description, which is not affected by a recitation that the boundaries given contained a certain number of acres, "more or less."

**7. Pleadings—Amendments—Costs—Courts.**

Where, in an action to recover damages for fraud and deceit in the misrepresentation of the acreage contained in the description of lands by metes and bounds in the deed, there is no allegation or evidence sufficient to correct the deed for mistake, etc., it is competent for the court to enter an order allowing the plaintiff to amend his complaint, and tax the costs against him. *Shore v. Davis*, 185 N. C., 312.

APPEAL by defendant Davis from *Kerr, J.,* at February Term, 1923, of NASH.

Civil action, heard on demurrer to complaint.

The action is to recover damages of the defendants, growing out of certain sales of a piece of real estate in said county in the years 1919 and 1920. The defendants filed separate demurrers, on the ground that the complaint failed to state a cause of action against either. The court entered judgment as follows:

"This cause coming on to be heard upon demurrer by Rocky Mount Insurance and Realty Company, defendant, and it appearing to the court that the complaint does not state a cause of action against said Rocky Mount Insurance and Realty Company, it is ordered that the action be dismissed as to the Rocky Mount Insurance and Realty Company, and that said defendant go hence without day and recover its costs of plaintiff. Upon demurrer filed by defendant C. C. Davis, the demurrer is overruled and the plaintiff allowed to file an amended complaint, and defendant Davis to answer over."

Defendant Davis excepted and appealed.

*Thorne & Thorne for plaintiffs.*
*E. B. Grantham and Finch & Vaughan for defendants.*

HOKE, J. The complaint filed against both of defendants contained averment, among other things, "that in January, 1919, the defendant, the Rocky Mount Insurance and Realty Company, sold and conveyed to

the codefendant, C. C. Davis, a piece of land in Rocky Mount, N. C., definitely describing the same by metes and bounds, and represented in the deed as 'containing 22½ acres, more or less,' and the conveyance having also the usual covenants of warranty, seizin, etc. That at the time of this sale and conveyance the Insurance and Realty Company expressly represented to said C. C. Davis that the lands described in the deed contained 22½ acres, whereas in fact and in truth said representations were false and fraudulent, said lands containing only 12 acres.

"Second, that thereafter, on 20 January, 1920, C. C. Davis and wife, Lizzie Davis, sold and conveyed said land to Mamie Evans, wife of W. E. Evans, set out and described as in the other deed, and represented as 'containing 22½ acres, more or less.' That plaintiffs paid to C. C. Davis $6,500 as purchase money for said land on the assurance of said C. C. Davis that the tract of land contained 22½ acres. That this deed also contained the usual covenants of warranty, seizin, etc. That present plaintiffs had no knowledge of the boundary of the land at the time of the purchase from C. C. Davis, and would not have purchased this land or paid the price but for the representations of C. C. Davis that there were 22½ acres in the tract. That some time after taking the deed, in June or July, 1921, plaintiff had the boundary pointed out to him, and ascertained that there were only 12 acres in the boundaries of the deed."

In section 10 the complaint closes with the following averment: "These plaintiffs aver that there has been a breach of the covenants of seizin and warranty contained in the two deeds hereinbefore referred to. Such covenants of seizin and warranty are fully set out in this complaint; and, furthermore, that deceit and fraud have been practiced on these plaintiffs or on their grantor, C. C. Davis. In consequence of the breach of said covenant of seizin, and deceit and fraud, these plaintiffs have been damaged in the sum of $1,380." And thereupon demands damages of defendant for $1,380.

It is fully recognized in this State that the principle affording relief for fraud and deceit applies in proper instances to deeds and contracts concerning both real and personal property. *May v. Loomis,* 140 N. C., 350; *Walsh v. Hall,* 66 N. C., 233. The essential features of such an action ordinarily being that there should have been false representations of some material fact or facts—false within the knowledge of the party making them, and reasonably relied upon by the other, whereby he was induced to enter into the contract to his pecuniary injury. This requirement as to a knowledge of the falsity by the party charged has been extended under certain circumstances to cases where one who should be expected to know gives positive assurance as to the existence of a material fact as an inducement to the bargain, when he is con-

sciously ignorant whether the same be true or false. Helpful cases in illustration of these positions being found in *Bell v. Harrison,* 179 N. C., 190; *Modlin v. R. R.,* 145 N. C., 218; *Whitehurst v. Insurance Co.,* 149 N. C., 273.

In *Bell v. Harrison* the principle is stated as follows: "Fraudulent representations, made in the procurement of a deed, sufficient to set it aside must be untrue in fact, made by the party inducing it with a knowledge of its being false or consciously ignorant thereof with intent that the other party should act thereon, or calculated to induce him to do so, and upon which he acted to his damage."

And in the *Whitehurst case* the same position is given: "When an agent of an insurance company has induced the insured to take a policy of insurance in his company by making misrepresentations of a material fact concerning which, as such agent, he should have known the truth, or makes it recklessly, or affirms its existence positively, when he is consciously ignorant whether it be true or false, his principal may be held responsible by the insured relying, and having reasonable ground to rely, upon the agent's statement as importing verity."

Applying these principles, there seems to be sufficient allegations of fraud in the complaint to sustain an action of fraud and deceit on the part of the Insurance and Realty Company in the sale and conveyance to Davis; but if this be conceded, there is no allegation which to our mind shows or tends to show that the wrong, if it existed, was done to plaintiff. The sale and conveyance from the company to C. C. Davis was made one year prior to that from Davis to plaintiffs. There are no facts alleged showing or tending to show any connection between the two transactions, or any concert of the parties defendant concerning them. The wrong in the first instance, if any, was done to C. C. Davis, a codefendant, who makes no complaint, and the court was undoubtedly right in sustaining the demurrer of the Insurance and Realty Company as to any suit against it in favor of plaintiffs or either of them.

In reference to the alleged cause of action against C. C. Davis, the complaint as now drawn contains no allegation that the defect in quantity of land complained of in the defendant's deed was known to such defendant at the time he executed his conveyance or at any other time, or that said defendant was guilty of any fraud in his representations as to quantity. The land was a small tract in the city of Rocky Mount, accessible so far as appears, and definitely described by metes and bounds. And in the absence of positive fraud on the part of vendor inducing the trade, and reasonably relied upon by the purchaser, the latter should have protected himself by proper covenants, or he is ordinarily without remedy.

On the facts appearing in the present record, the principle applicable is very well stated in the case of *Etheridge v. Vernoy,* 70 N. C., 717-724, as follows: "In contracts for the sale of land it is the duty of purchasers to guard themselves against defects of title, quantity, encumbrances and the like; if they fail to do so, it is their own folly, for the law will not afford them a remedy for the consequences of their own negligence. But if representations are made by the bargainor, which may reasonably be relied on by the purchaser, and they constitute a material inducement to the contract, and are false within the knowledge of the party making them, and they cause damage and loss to the party relying on them, and he has acted with ordinary prudence in the matter, he is entitled to relief. *Walsh v. Hall,* 66 N. C., 233."

A statement of the position fully approved in our more recent decisions on the subject. *Galloway v. Goolsby,* 176 N. C., 635; *Turner v. Vann,* 171 N. C., 127.

True, in the tenth paragraph of the complaint it is alleged in a general way that there has been a breach of the "covenants contained in the deed, and that deceit and fraud have been practiced on these plaintiffs or their grantor, C. C. Davis," but no issue of fraud is presented against defendant Davis by such a general averment as this, our decisions being to the effect that where it is sought to base one's relief on the ground of fraud, the allegations of fact must be specific and definite. *Galloway v. Goolsby, supra; Mottu v. Davis,* 151 N. C., 237.

Nor is there any actionable wrong set forth by reason of the breach of covenants contained in the deed. This land, as we have seen, is definitely described by metes and bounds, covering 12 acres. In the absence of allegation and evidence tending to correct the deed for mistake, etc., these ordinary covenants in assurance of the title attach to the land conveyed in the deed, and not otherwise. And the authorities apposite are decisive to the effect that where real property is conveyed by metes and bounds the quantity of land and the obligations of the deed concerning it are in no way affected by the addition of the words "containing so many acres, more or less." *Galloway v. Goolsby, supra; Turner v. Vann, supra.*

In the last case it is held that where a tract of land is sold as a whole, without stipulation or warranty as to the number of acres it contains, and in the absence of fraud, the purchaser may not recover an abatement of the price for a shortage of acres the tract is supposed to contain. In this instance the specific boundaries describing the land contain only 12 acres, and, there being no defect in the title as to such amount, there has been no breach of the covenants appertaining to title. Rawle on Covenants, sec. 297, wherein it is said, among other things: "As, there-

fore, the descriptive boundaries control the quantity, it has been repeatedly held that the covenants for title apply to the premises contained within those boundaries, and not to any enumeration of acres."

In our opinion, therefore, neither in one aspect or the other has there been a cause of action sufficiently stated against defendant Davis, and as to him also the demurrer should have been sustained. The demurrer having been sustained and the action dismissed as to the Insurance and Realty Company, and no appeal having been taken, the action stands, therefore, on a defective statement of a cause of action as against C. C. Davis, and it is competent for the court to enter an order allowing plaintiff to amend his complaint as to said defendant, and to that extent the judgment is affirmed — a course that is fully approved by the decisions. *Shore v. Holt,* 185 N. C., 312; *Campbell v. Light & Power Co.,* 166 N. C., 488; *Fidelity Co. v. Jordan,* 134 N. C., 236-244; *Morton v. Telephone Co.,* 130 N. C., 299; *Mitchell v. Mitchell,* 96 N. C., 15.

The question of misjoinder of parties, etc., has not been considered, as defendants have not seen proper to raise or rely on it.

This will be certified, that the demurrer of C. C. Davis be sustained, with leave to plaintiff to file an amended complaint as to him. Defendant Davis having been compelled to prosecute his appeal to avoid being concluded by the judgment on questions presented, the costs will be taxed against appellee.

Reversed and remanded.