J. F. BUCKMAN, JR., AND E. T. BUCKMAN v. S. C. BRAGAW, TRUSTEE ET AL.

(Filed 15 September, 1926.)

1. **Mortgages—Deeds and Conveyances—Foreclosure Sales — Advertisement—Description—Warranty—Fraud.**

Where the mortgagee or trustee has in good faith advertised the property foreclosed inaccurately as a certain number of feet frontage along a city street, in the absence of fraud or wilful misrepresentation, etc., the

purchaser may not offset the purchase price by the value of a shortage, in the absence of a warranty by deed of the quantity of land sold, and who has had equal opportunity with the seller under the power in the instrument of having ascertained the exact frontage of the *locus in quo.*

**2. Same—Caveat Emptor.**

The doctrine of caveat emptor applies to the sale of lands under foreclosure of a deed of trust.

CIVIL ACTION, before *Grady, J.,* at May Term, 1926, of BEAUFORT.

Prior to 15 May, 1920, C. M. Brown was the owner and in possession of a certain piece or parcel of land in the city of Washington, North Carolina, situated on the north side of Main Street and fronting on the north side of Main Street a distance of 49 feet. This land adjoined the lot of the defendant. On 15 May, 1920, Brown and wife executed to the defendant, S. C. Bragaw, a deed of trust on said land. Default having been made in the payment of the indebtedness described in said deed of trust, the said S. C. Bragaw, trustee, advertised and sold said property at public auction under and by virtue of the terms of said deed of trust, in September, 1924, at which time and place the plaintiffs became the last and highest bidders for the property for the sum of $27,000. The land was advertised by Bragaw, trustee, and described in said advertisement as fronting 49 feet on the north side of Main Street. Upon payment of the purchase money, Bragaw, trustee, executed to the plaintiffs a deed for said property in accordance with the description in said deed of trust and said advertisement, and described the property as fronting 49 feet on Main Street. After the purchase money had been paid by the plaintiffs they discovered that the land fronted only 46 feet on Main Street, and thereupon this suit to recover from Bragaw, trustee, the sum of $1,653 to cover the shortage of three feet in the dimensions of the lot conveyed. The purchase money had not been disbursed by the trustee and was held by him pending the outcome of the litigation.

Plaintiff testified that after the execution and delivery of deed from Bragaw, trustee, that he measured the property and found the shortage. There was further testimony to the effect that the plaintiff had known this property for twenty-five years or more.

At the conclusion of plaintiff's evidence the trial judge entered judgment of nonsuit, from which the plaintiffs appealed.

*H. C. Carter for plaintiffs.*
*Small, MacLean & Rodman and Ward & Grimes for defendants.*

BROGDEN, J. It was conceded that the plaintiffs cannot recover upon a breach of warranty.

The question therefore presented for solution is whether or not a purchaser at a trustee's sale of land under a deed of trust or a mortgage, can recover for a shortage of land in the absence of any representation made by the seller except such as may be contained in the advertisement or the deed of the trustee or mortgagee.

In *Smathers v. Gilmer,* 126 N. C., p. 759, the principles of law governing such cases are thus expressed: "The plaintiff had two opportunities for protection: 1. A simple calculation, according to the definite boundaries, courses and distances. 2. To require proper covenants in his deed for his protection.

Failing to avail himself of those means, he purchased at his own risk and subject to the principle of *caveat emptor.* When each party has equal means of information that principle applies, and the injured party is without remedy. If, however, false representations are made, on which the other party may reasonably rely, they constitute a material inducement to the contract, and the injured party has acted with ordinary prudence, courts of justice will afford relief. Ordinarily, the maxim of *caveat emptor* applies equally to sales of real and personal property, and will be adhered to where there is no fraud."

The lot of land in controversy was not sold by the foot or by the acre, and there can be, under the law of this State, no recovery for a shortage under such circumstances in the absence of any representation of fraud. *Turner v. Vann,* 171 N. C., 127; *Galloway v. Goolsby,* 176 N. C., 635; *Duffy v. Phipps,* 180 N. C., 313; *Lantz v. Howell,* 181 N. C., 401. The judgment must be

Affirmed.