*28
 
 Hali Judge
 

 delivered the opinion of a majority of the Court:—
 

 The act of 1737, (ch. 274,) authorises the County Court to make division of the estates of intestates, aiul the Commissioners appointed by the Court for that purpose, are empowered to
 
 charge
 
 the more valuable dividend or dividends, with such sum or sums as they shall judge necessary, to be paid to the dividend or dividends of inferior value, in order to make an equal division.
 

 I think the lands on which such sums are charged, are not only securities for the monies so charged, but are themselves the debtors. This appears to be just and fit, in a case where partition is made of lands between persons possessed of no other property. The law cannot contemplate the injustice of taking- property from one person and giving it to another, without an equivalent, or a sufficient security for it.
 

 The Act above spoken of directs
 
 “
 
 the Commissioners to make a return of their proceedings and appropriations, &c. to the Court by which they were appointed, which return and appropriation shall be certified to the Clerk, and enrolled in his office, and registered in the office of the County, where such lauds, &c. respectively lie
 
 ;
 
 and such return and appropriations, shall be binding among the claimants, their heirs,” &c.
 

 This act also directs the money so charged, to be paid in twelve months after such return made.
 

 A subsequent act, passed in the year 1801, (ch. 588.) gives further time to minors ; but the validity of the appropriation s made by the Commissioners, does not depend upon the payment or non-payment of the monies charged upon the larger dividends.
 

 The Defendant, in his answer admits, that at the time he made the purchase, he knew that the charge on the land once existed, but he believed that it had been paid or settled. Whether he had express knowledge of that fact, or not, I think is immaterial, for the debt was a legal
 
 *29
 
 diario upon the land — and the fact of its existence was so blended and interwoven with the title to the land. .... that be could not enquire ¡ato, and examine the title, wilhouf perceiving it, for
 
 Jeffreys
 
 claimed directly under the partition and appropriation made by the Commissioners.
 

 It is argued also for the Defendant, that this debt was discharged by the receipt given by
 
 Wynne,
 
 in the year tiili), in which it is stated, in substance, that the account is settled, and a bond taken for it.
 

 T his was no discharge of the debt, which is a legal and express charge upon the land: but what is conclusive, is that the receipt was subsequent to the purchase by the Defendant — besides, he was not a party to it.
 

 In point of fact, I think it a hard case upon the Defendant.
 
 Wynne,
 
 has certainly been guilty of neglect — ■ but
 
 Mrs. Wynne
 
 is the meritorious clai .«ant, and the debt, when recovered, ought to be secured for her benefit.
 

 IIkkiiurkoN Judge, dissented, bat filed no opinion.
 

 The following is the substance of the Decree in ibis cause:
 

 Declare that the sum of
 
 Si047
 
 62.1, allotted to the Complainant
 
 Susan
 
 was an express charge upon the land allotted to
 
 Marmadnke
 
 JV".
 
 Jeffreys,
 
 to which the said
 
 Susan
 
 was entitled, in the same manner, as to the real estate, in lien of which the same was charged, and that her right thereto was not affected by the receipt given, by the Plaintiff
 
 liobert.
 
 Declare, further, that the Defendant purchased with notice of the right of Susan, and that the lauds passed, subject to the charge for the said sum, and continue liable therefor. Declare that the Dm fondant pay into the office of the master, the said sum, with interest from the 1st April, 1816, and the costs of this suit, and in case of default, that the master sell, &c. Declare, also, that the Defendant, as well as
 
 William Boggd
 
 and
 
 William Wooten,
 
 securities for the appeal to
 
 *30
 
 this Court, are personally liable to the Plaintiffs, for the payment of the money above mentioned, and the Plaintiffs may, at their election, have execution against the Defendant and his sureties, or rely upon a sale of the land, &c. And let the said sum he held subject to be secured to the Plaintiff
 
 Susan,
 
 according to the direc tions of this Court — and retain the cause for such di - rections.