MANGUS OUTLAW v. N. B. OUTLAW, LLOYD OUTLAW, AND
MRS. EVA HOUSE.

(Filed 25 October, 1922.)

**1. Parties—Tenants in Common—Voluntary Partition—Purchasers for Value—Owelty.**

Tenants in common made a voluntary division of their lands among themselves by metes and bounds, and in their mutual conveyances specified the number of acres of each division. There was nothing in the conveyances providing a payment of owelty to any one receiving a tract of less value. The plaintiff introduced evidence tending to show mistake by the surveyor and the mutual mistake of the parties whereby he had received an appreciably less number of acres than called for in his deed, amounting to a considerable decrease in value. There was evidence that one of the defendants had sold his tract to an innocent purchaser, for value and without notice of the plaintiff's claim of equitable interference: *Held,* such purchaser is a proper if not a necessary party in order to clear the title to the lands. The legal and equitable principles relating to owelty, under the circumstances of this case, discussed by WALKER, J.

**2. Judgments—Appeal and Error—Tenants in Common—Owelty—Parties.**

Under the facts of this case, it appearing that a personal judgment was properly entered against the defendants to equalize in value the lands voluntarily partitioned among themselves and the plaintiff as tenants in common, for mutual mistake, but erroneously allowed a charge or lien for owelty against the tracts of greater value, where a proper or necessary party had not been brought in, the judgment, on appeal, is accordingly modified that such party be made in the Superior Court, or the matter proceeded with by independent action, as the parties may be advised.

**3. Tenants in Common—Owelty.**

Owelty of partition, when allowable, is a sum paid or secured, in case of partition in unequal portions, by him who received the larger and more valuable portion, to him who has received the less, in order to equalize values of the tracts apportioned among tenants in common of the lands in question.

APPEAL by defendant N. B. Outlaw from *Ferguson, J.,* at March Special Term, 1922, of LENOIR.

Action to recover a sum of money as owelty, for the purpose of equalizing a partition of lands among tenants in common, and to have the said sum made a charge on the property from which it is alleged to be due.

1. John E. Outlaw owned the land, situated in Trent Township, and adjoining the lands of G. W. Rouse and others, and at his death it descended to his three brothers as his only heirs at law, namely, N. B. Outlaw, James A. Outlaw (the father of defendants, Lloyd Outlaw and Mrs. Eva Rouse), and the plaintiff Mangus Outlaw.

2. That the tenants in common executed to each other deeds for their several portions of the land, the deed of N. B. Outlaw and James A. Outlaw to the plaintiff reciting that the tract described in it contained 160 acres, which were otherwise described merely by metes and bounds, the deed of plaintiff and James A. Outlaw to N. B. Outlaw reciting that the said tract of land contained 150 acres, and the deed from plaintiff and his brother N. B. Outlaw recited that the tract therein described contained 130 acres, all the tracts being otherwise described by metes and bounds.

3. That by mistake of the surveyor and the mutual mistake of the parties, the tract conveyed to plaintiff for his share contained 111 71/100 acres instead of 160 acres. That plaintiff, on 14 December, 1918, conveyed his tract of land to one K. E. Sutton, who contracted with the Atlantic Coast Realty Company to sell the same for him, K. E. Sutton, and when it was being surveyed for that purpose the mistake as to the acreage was first discovered, as above set forth.

4. When the mistake was thus revealed, it was agreed between plaintiff and E. E. Sutton to rescind their transaction, the plaintiff surrendering all papers or liens taken by him from Sutton for the balance of the purchase money due to the plaintiff, and the latter paying back to Sutton the part of the purchase money he had already received.

5. Certain allegations appear in the complaint, which, with the prayer for judgment, are as follows: that the said 48.29 acres of land, the deficiency recited as aforesaid, is reasonably worth the sum of $3,138.85, one-half of which amount plaintiff is entitled to recover from the defendant N. B. Outlaw, and the other one-half thereof from the defendants Lloyd Outlaw and Mrs. Eva Rouse. That the defendant Lloyd Outlaw has, pending this action, conveyed his interest in said lands to his sister, the defendant, Mrs. Eva Rouse, who now claims title to the entire tract, so quitclaimed as aforesaid to her father, the said James A. Outlaw, deceased. That the defendant N. B. Outlaw, prior to the institution of this action, conveyed the share of said land so conveyed to him as aforesaid to his son, N. W. Outlaw. Wherefore, the plaintiff demands judgment: (1) That the portion of the lands so quitclaimed and conveyed as hereinbefore recited to James A. Outlaw, deceased, be charged with the payment of one-third of the value of the deficiency hereinbefore recited, that is, one-third of the value of 48.29 acres of land, that is, with the amount of $1,046.28, and that said amount be declared a lien thereon. (2) That the share quitclaimed and conveyed to N. B. Outlaw be charged with the payment of one-third of the value of the deficiency hereinbefore recited, that is, one-third of the value of 48.29 acres of land, that is, with the amount of $1,046.28, which amount be declared a lien thereon. (3) For judgment against the defendant N. B. Outlaw

for $1,046.28, the value of one-third of said 48.29 acres, the deficiency hereinbefore recited, upon the payment of which amount by said N. B. Outlaw the lien against the share so quitclaimed and conveyed to him to be discharged.

6. An answer was filed by defendants, and issues made up, upon which the jury returned the following verdict:

"(1) Did the plaintiff accept the deed for the portion of land conveyed to him and the money paid to him by reason of a mutual mistake between himself, N. B. Outlaw, and J. A. Outlaw, deceased, as alleged? Answer: 'Yes.'

"(2) If so, what sum is the plaintiff entitled to recover of the defendant N. B. Outlaw? Answer: '$680.'

"(3) If so, what sum is the plaintiff entitled to recover of the defendant, Mrs. Eva Rouse? Answer: '$108.'"

7. Judgment was entered upon the verdict for the sums found to be due, and they were severally charged as liens upon the two shares, that allotted to N. B. Outlaw and the share allotted to Mrs. Eva Rouse, respectively, for the sums found to be due by each of them.

The defendant N. B. Outlaw assigned the following errors:

(1) To so much of the judgment as declares that the share of land belonging to N. B. Outlaw was subject to a lien in favor of the plaintiff for the payment of $680, with interest.

(2) For that said attempted lien declared by judgment could in no view bind any one except N. B. Outlaw, and could not bind purchasers.

He thereupon appealed from the judgment.

*Rouse & Rouse for plaintiff.*
*Hood & Hood and Cowper, Whitaker & Allen for defendants.*

WALKER, J. The contention of the plaintiff is that while the partition was accomplished by the consent and agreement of the parties, and there is no provision therein for any charge for owelty or equality of division, such a stipulation or understanding is implied from the very nature of the transaction, it being a proceeding for partition, in which it is generally, if not universally, the rule to charge the larger or more valuable share with a sum to be paid to the one of less value, in order to effect an equal or equitable partition of the land. It has been said that owelty of partition is a sum paid or secured, in the case of partition in unequal proportions, by him who has received the larger and more valuable portion to him who has received the less, for the purpose of equalizing the portions. The power of awarding owelty of partition formerly rested in the court of chancery, and a court of law could not award it in a case of compulsory partition by writ. 21 A. & E. (2 ed.);

p. 1179. *Justice Hall* said for this Court: "I think the lands on which such sums are charged are not only securities for the moneys so charged, but are themselves the debtors. This appears to be just and fit, in a case where partition is made of lands between persons possessed of no other property. The law cannot contemplate the injustice of taking property from one person and giving it to another, without an equivalent, or a sufficient security for it." *Wynne v. Tunstall,* 16 N. C., 28. There is no difficulty where the partition is a compulsory or judicial one, for in that case there is express statutory authority for the more valuable shares to be charged with sums to be paid to those of inferior value for the purpose of owelty or equality of division. C. S., 3222. But here the partition was made under an agreement between the cotenants, and the statute has no application, as the case is not within its terms. There is no provision in the agreement itself for a charge of owelty. Some courts intimate that perhaps it may be made in the absence of such an express stipulation. *Long v. Long,* 41 Pa. (1 Watts), at 269. Nor is there any trouble in deciding such a question where the parties are proceeding in equity to effect a partition of their lands held in common. "In regard to partitions, there is also another distinct ground upon which the jurisdiction of courts of equity is maintainable, as it constitutes a part of its appropriate and peculiar remedial justice. It is that courts of equity are not restrained, as courts of law are, to a mere partition or allotment of the lands and other real estate between the parties according to their respective interests in the same, and having a regard to the true value thereof. But courts of equity may, with a view to the more convenient and perfect partition or allotment of the premises, decree a pecuniary compensation to one of the parties for owelty or equality of partition, so as to prevent any injustice or unavoidable inequality. This a court of common law is not at liberty to do; for when a partition is awarded by such a court, the exigency of the writ is that the sheriff do cause, by a jury of twelve men, the partition to be made of the premises between the parties, regard being had to the true value thereof, without any authority to make any compensation for any inequality in any other manner." 1 Story Eq. Jur. (13 ed.), sec. 654, p. 661, etc.

But where there is an agreement for partition, that is, a voluntary proceeding, some question may be raised as to whether a charge for owelty in partition can be made without being sanctioned by the parties in their agreement, and about this there seems to be some discordance in the authorities. Some courts hold that there can be, for they treat the partition as in effect a sale of land and the charge of owelty as purchase money, and allow the charge as being in the nature of a vendor's lien, which has not been adopted in this State (*Womble v.*

*Battle,* 38 N. C., 182), or as an extension of that doctrine. We have not been able to find any case decided by this Court precisely on the question here involved, nor were we cited to any such case. The plaintiff in his brief offered us no authority for his position that he is entitled to have the amount due to him charged upon the land, from which it is due for owelty, and we imagine there was none to be found, else his counsel, by his usual and great diligence, would have given us the benefit of it. But however that may be, the law may still be with him, but we would not decide the question at this time, as there is one party, at least, who is vitally interested in such a decision, and who is not a party to this action, and that is N. W. Outlaw, the vendee of N. B. Outlaw. It is alleged in the complaint, and so appears to be, that before this suit was commenced, N. B. Outlaw sold and conveyed his share of the land as tenant in common to N. W. Outlaw, and as plaintiff's principal if not his only equity is founded upon a mistake discovered in the acreage of the plaintiff's share, it may be that N. W. Outlaw purchased the land for value and without notice of the alleged equity, and is entitled to take and keep his land altogether discharged of it. There is, at least, some allegation, if not proof, that he is a purchaser of that kind. This Court would not proceed to adjudge as to the rights of such a purchaser without having him a party to the record, so that all persons interested in this share of the land may be bound by the decree and thereby clear the title. He would be a proper party if not a necessary one.

We will not, therefore, decide as to the charge or lien upon the share for owelty, or upon the other questions that may be involved, but modify the judgment so as to let it stand, as to the personal obligation of the defendant N. B. Outlaw, for the amount allowed as owelty because of the surveyor's mistake as to the acreage (*Henofer v. Realty Co.,* 178 N. C., 584), and vacate it as to the charge upon the land for equality of division until N. W. Outlaw is either brought into this suit as a party or until by a separate action the share of N. B. Outlaw, purchased by him, is properly charged with the payment of the money, if liable for it. If N. W. Outlaw were a party, the case would present a most interesting question, which should be determined only upon the most careful and fullest consideration.

Costs of this appeal to be paid by the plaintiff, there being really no contest as to the debt, but only as to the lien.

Modified and affirmed.